## EVANS v. THE STATE.

LIQUOR LAW.—*Act of* 1875.—*Section* 11.—*Intoxication.*—*Constitutional Law.*—The title and subject-matter of the act of March 17th, 1875, 1 R. S. 1876, p. 869, regulating the sale of intoxicating liquors, etc., properly embrace the provisions of section 11 of such act, making intoxication in a public place a misdemeanor.

SAME.—Section 11, above mentioned, sufficiently defines the offence of intoxication.

From the Hendricks Circuit Court.

*C. C. Nave* and *W. A. McKenzie*, for appellant.

*C. A. Buskirk*, Attorney General, for the State.

NIBLACK, J.—This was a prosecution against the appellant, for being found in a public place in a state of intoxication.

The indictment charged, that " one Wade H. Evans, late," etc., " on or about the 10th day of September, A. D. 1876, at," etc., " being then and there a person of sound mind, was then and there found in a public place, to wit: Near Welshan's drug store, on Main street, in the town of Brownsburg, in," etc., " in an unlawful state of intoxi-- cation."

There was a plea of not guilty; a trial by a jury; a verdict of guilty, fixing the fine at two dollars; and, over a motion in arrest, a judgment on the verdict.

The causes assigned for the arrest of the judgment were:

1. That the grand jury who found the indictment had no legal authority to inquire into the offence charged,

by reason of the unconstitutionality of the act of the Legislature on which it was based ;

2. That the facts stated in the indictment did not constitute a public offence;

3. That the court had no jurisdiction over the supposed offence, because the act of the Legislature on which the indictment was based is unconstitutional and void.

The questions raised by these causes are embraced in the first two. *Meiers* v. *The State*, 56 Ind. 336.

The section of the statute, under which the indictment in this case was returned, was as follows :

"Any person of sound mind found in any public place in a state of intoxication, shall be deemed guilty of a misdemeanor and upon conviction, be fined in any sum not less than two dollars nor more than five dollars for each offence." 1 R. S. 1876, p. 872, sec. 11.

Counsel for the appellant argue, that the foregoing section does not embrace a matter properly connected with the principal subject of the act regulating and licensing the sale of spirituous, vinous and malt and other intoxicating liquors, approved March 17th, 1875, of which it forms a part, and is, hence, in conflict with section 19 of article 4 of the Constitution, which provides, that " Every act shall embrace but one subject and matters properly connected therewith," etc.; but we can not agree to the construction of the section thus insisted on.   It seems to us, that any provision which fairly tends to repress and restrain the excessive and dangerous use of intoxicating liquors is a matter properly connected with the regulation of the sale of such liquors, and that such is the tendency and purpose of the section in question.

The subject-matter of this section being also properly referred to in the title of the act to which it belongs, we see no objection to its validity as a constituent part of that act.   *The State* v. *Sowers*, 52 Ind. 311.

It is further argued, that this section is also void, because the misdemeanor it names is not sufficiently de-

fined by it, and particularly because no definition is given as to what is necessary to constitute "a state of intoxication," as an element in such a misdemeanor; but we are of the opinion that this objection is also not well taken. Some of the strongest cases relied on by counsel to sustain this last objection have been overruled; but, if they were still recognized as good law, we think they would not sustain the view they are quoted to maintain.

To say that a person is intoxicated, conveys as definite a meaning as to say that he is insane, is angry, or in any other abnormal condition; and we do not see that any further definition is either necessary or practicable. As to whether a person was intoxicated at a given time, rests upon the evidence, just as any other controverted fact must necessarily do, and it is a matter about which witnesses are liable to differ, as in other cases. Because witnesses may thus differ as to a fact connected with the enforcement of a law, does not, as we can see, affect the validity of the law itself.

Every person who in a rude, insolent, or angry manner, shall unlawfully touch another, shall be deemed guilty of an assault and battery, and the manner in which the alleged touching was done constitutes a fact about which witnesses may, and often do, sharply differ, yet we never heard that circumstance used as an argument against the validity of the law against assault and battery. *The State* v. *Oskins*, 28 Ind. 364; *Wall* v. *The State*, 23 Ind. 150; *The State* v. *Craig*, 23 Ind. 185.

The motion in arrest of judgment appears to us to have been correctly overruled.

The judgment is affirmed, at the costs of the appellant.