Craig E. WHATLEY, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 36A05–9806–CR–307.

Court of Appeals of Indiana.

April 8, 1999.

Joseph M. Robertson, Seymour, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Randi E. Froug, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

RUCKER, Judge

When a motor carrier inspector found Craig E. Whatley completely nude in the cab of his semi-trailer truck he was arrested for and ultimately found guilty of public indecency as a Class A misdemeanor. He now appeals raising three issues for our review which we consolidate into two and rephrase as follows: (1) is the cab of a semi-trailer truck a public place within the meaning of the public indecency statute, and (2) was the evidence sufficient to sustain the conviction.

We affirm.

Whatley is an independent operator who owns a semi-trailer truck equipped with a sleeping berth. On September 11, 1997, Whatley was driving his semi northbound on Interstate 65 when he pulled into a weigh station east of Seymour, Indiana. A state police motor carrier inspector approached the semi to check whether the driver was wearing a seat belt or in possession of a radar detector, firearms, or drugs. The inspector asked Whatley to open the door to his cab. He did so and the inspector observed that Whatley was completely nude. When asked why he was nude, Whatley replied that he was in too big a hurry to get dressed. The inspector shut down the scales, called for backup assistance, and redirected traffic. Ultimately Whatley was arrested for and charged with public indecency. After a bench trial he was found guilty as charged. This appeal followed.

Ind.Code § 35-45-4-1(a) provides in pertinent part: "[a] person who knowingly or intentionally, *in a public place:* (1) engages in sexual intercourse; (2) engages in deviate sexual conduct; (3) *appears in a state of nudity;* or (4) fondles the person's genitals or the genitals of another person; commits public indecency, a Class A misdemeanor." (emphasis added). Characterizing his truck as a 'home on wheels' Whatley argues that he was not in a public place within the meaning of the statute. Whatley acknowledges that a number of cases involving public intoxication require a different interpretation. However, citing *Long v. State,* 666 N.E.2d 1258 (Ind. Ct.App.1996) Whatley contends the definition of public place within the meaning of the public intoxication statute is different than that within the meaning of the public indecency statute. In *Long,* a case involving public indecency, we held "a public place is any place where members of the public are free to go without restraint." *Id.* at 1261. According to Whatley his semi was not a public place because " 'members of the public' did not enter and exit or congregate within the cabin of his rig." Brief of Appellant at 8.

"Public place" is defined neither by the public indecency statute nor by the public intoxication statute. However on numerous occasions in the context of public intoxication we have defined public place consistent with the definition in *Long.* *See, e.g., Price v. State,* 600 N.E.2d 103, 115 (Ind.Ct.App.1992), *vacated in part by Price v. State,* 622 N.E.2d 954 (Ind.1993) (finding that a public place "is

a place open to common and general use, participation and enjoyment; a place accessible to the public"); *Martin v. State,* 499 N.E.2d 273, 276 (Ind.Ct.App.1986) (stating that a public place is one "visited by many persons, and usually accessible to the neighboring public"); *Heichelbech v. State,* 258 Ind. 334, 340, 281 N.E.2d 102, 106 (1972) (holding that a business establishment open to the public was "a public place or place of public resort"). Even in those public intoxication cases where the term public place was not specifically defined, the facts are similar to those in the instant case. *See, e.g., Atkins v. State,* 451 N.E.2d 55, 56 (Ind.Ct.App.1983) (passenger in a vehicle on a public highway is in a public place for purposes of public intoxication statute); *Miles v. State,* 247 Ind. 423, 424–25, 216 N.E.2d 847, 849 (Ind.1966) (defendant in the cab of a truck that was parked approximately three to four feet from the traveled portion of the highway was in a public place for purposes of public intoxication statute). Contrary to Whatley's argument there is no significant difference between what constitutes a public place in the context of the public indecency statute and what constitutes a public place in the context of the public intoxication statute.

We acknowledge that one's vehicle may indeed be a 'home on wheels' and thus under some circumstances riding in the buff presents no violation of law. *See, e.g., Moore v. State,* 634 N.E.2d 825, 827 (Ind.Ct.App.1994) (holding that a residence is not a public place); *Sloane v. State,* 686 N.E.2d 1287, 1292 (Ind.Ct.App.1997) (recognizing strong expectation of privacy in one's home). However, we have no hesitation concluding that a person driving a semi-trailer truck on this state's highways is in a public place, that is, a place where members of the public are free to go without restraint. Whatley's argument on this point fails.

 Whatley next contends the evidence was insufficient to sustain his conviction. Whatley concedes that he "appeare[d] in a state of nudity."[1] He argues however

that he was observed only because of the inspector's command to open his cab door. Whatley also argues that he did not knowingly or intentionally commit a violation of law; rather he merely showed a lapse of good judgment. Our standard of review is well settled. When reviewing a claim of insufficient evidence we do not reweigh evidence or judge witness credibility. *Nield v. State,* 677 N.E.2d 79, 81 (Ind.Ct.App.1997). Rather, we consider only the evidence favorable to the verdict and any reasonable inferences to be drawn therefrom. *Id.* Contrary to Whatley's assertion it is not the observation of his nudity that the statute proscribes. Rather the prohibition is against Whatley's appearance in a public place in a state of nudity. The observation is simply evidence of that which occurred. As for Whatley's second claim, the law presumes that a person intends the consequences of his act. *Austin v. State,* 425 N.E.2d 736, 738 (Ind.Ct.App.1981). Further, whether conduct is "knowingly" and "intentionally" performed may be inferred from the voluntary commission of the prohibited act as well as from the surrounding circumstances. *Carty v. State,* 421 N.E.2d 1151, 1155 (Ind.Ct.App.1981). In this case the evidence of record is sufficient to show that Whatley knowingly and intentionally appeared in a public place in a state of nudity.

Judgment affirmed.

DARDEN, J., concurs.

SULLIVAN, J., concurs in result with opinion.

SULLIVAN, Judge, concurring in result

Notwithstanding my concurrence in *Atkins v. State* (1983) Ind.App., 451 N.E.2d 55, I am somewhat troubled by the extension of the public intoxication definition of "public place" to the public indecency statute. It appears that our past decisions in the public intoxication context have been driven by policy considerations. However, as noted by the majority, a public place must be accessible to the public, and I find it difficult to accept the

---

**1.** Under Ind.Code § 35–45–4–1(b) nudity is defined as "the showing of the human male or female genitals, pubic area, or buttocks with less than a fully opaque covering, the showing of the female breasts with less than a fully opaque covering of any part of the nipple, or the showing of covered male genitals in a discernibly turgid state."

premise that the inside of a closed vehicle traveling upon the highway is accessible to members of the public. Be that as it may, while I may at this point in time question whether an intoxicated person inside a closed vehicle is in a "public place" because the vehicle is upon a public road accessible to members of the public, that is not the question before us. The issue before us involves the public indecency statute.

As stated in *Thompson v. State* (1985) Ind.App., 482 N.E.2d 1372, 1375, (quoting *Lasko v. State* (1980) Ind.App., 409 N.E.2d 1124, 1128–29):

"[The purpose of the statute is] to protect the non-consenting viewer who might find such a spectacle repugnant." [2]

Common sense and human experience tells us that the usual highway vehicle traveler, whether walking, in an automobile, pick-up truck, or motorcycle would not have his moral sensibilities offended by the driver of a tractor-trailer rig who could not be viewed by the unsuspecting traveler. Only the occupant of a bigger big-truck or a low flying helicopter would be likely to observe defendant's bizarre lack of attire. In this context, therefore, as did our Supreme Court in *Chubb v. State* (1994) Ind., 640 N.E.2d 44, 47

*reh'g denied,* I would hold that while he was traveling upon the public highway in his vehicle, Whatley was not "visible to the casual public eye" and was therefore not in a public place.[3]

The situation was relevantly altered, however, when Whatley knowingly drove his vehicle into the weigh station. Because operators of tractor-trailer rigs are required to stop at such stations, there can be little doubt that Whatley knew of the likelihood that a motor carrier inspector would approach his vehicle in that place accessible to all similar drivers and that he might be requested to exit the vehicle.

It is this circumstance which permits me to agree with the conclusion that Whatley knowingly and intentionally appeared in a public place in a state of nudity and which permits me to concur in affirmance of the judgment.

---

**2.** In *State v. Sevier* (1889) 117 Ind. 338, 340, 20 N.E. 245, the court, without supporting authority, espoused an arguably analogous rationale for the public intoxication statute: "The purpose of the law is to protect the public from the annoyance and deleterious effects which may and do occur because of the presence of persons who are in an intoxicated condition." However, an earlier case concluded that the statute was a valid in that it "fairly tends to repress and restrain the excessive and dangerous use of intoxi-

cating liquors...." *Evans v. State* (1877) 59 Ind. 563, 564.

**3.** The defendant in Chubb was in a restroom stall which had partitions separating it from other similar stalls but could be and was seen by the undercover officer standing outside Chubb's stall. Notwithstanding this degree of visibility, the court held that Chubb's conduct was not visible "to the casual public eye." *Id.*