Santiago PEREZ, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 12S00–9910–CR–633.

Supreme Court of Indiana.

May 22, 2001.

Donald E. Currie, Frankfort, IN, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Priscilla J. Fossum, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

BOEHM, Justice.

Santiago Perez was convicted of murder and sentenced to sixty years imprisonment. He raises seven issues in this criminal direct appeal, including trial counsel ineffectiveness. We agree that Perez's Sixth Amendment right to effective counsel was violated and remand for a new trial.

## Factual and Procedural Background

In the wee hours of the morning of May 9, 1998, Perez was at a bar in Frankfort, Indiana, with Ignacio "Nacho" Soledad and several other friends. An altercation broke out between Soledad and another patron, Derek Thomas. After Soledad "sucker punched" Thomas, Soledad fled the bar. Thomas and several friends pursued, tackled, and began to pummel Soledad approximately 300 feet from the bar. According to Perez, he was attempting to ward off the attackers when he drew a knife. Perez and Thomas then squared off, "one on one." In this encounter, Thomas punched Perez in the head and Perez stabbed Thomas four times. Three of these wounds were "very superficial." As the police arrived, the fight stopped and Thomas started back to the bar, making no mention of his injuries. On his way to the bar, Thomas told his friends, "We fucked them Mexicans up, didn't we." Shortly thereafter, Thomas collapsed and was taken to the hospital where he died from a knife wound to his aorta. Perez was found guilty of murder and sentenced to sixty years imprisonment.

## Ineffective Assistance of Counsel

■ A defendant claiming a violation of the right to effective assistance of counsel must establish the two components set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Williams v. Taylor*, 529 U.S. 362, 390–91, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). First, the defendant must show that counsel's performance was deficient. *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052. This requires a showing that counsel's representation fell below an objective standard of reasonableness, *id.* at 688, 104 S.Ct. 2052, and that the errors were so serious that they resulted in a denial of the right to counsel guaranteed the defendant by the Sixth Amendment, *id.* at 687, 104 S.Ct. 2052. Second, the defendant must show that the deficient performance prejudiced the defense. *Id.* To establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694, 104 S.Ct. 2052. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

■ Counsel is afforded considerable discretion in choosing strategy and tactics, and we will accord those decisions deference. *Id.* at 689, 104 S.Ct. 2052. A strong presumption arises that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690, 104 S.Ct. 2052. The *Strickland* Court recognized that even the finest, most experienced criminal defense attorneys may not agree on the ideal strategy or the most effective way to represent a client. *Id.* at 689, 104 S.Ct. 2052. Furthermore, isolated mistakes, poor strategy, inexperience, and instances of bad judgment do not necessarily render representation ineffective. *Bieghler v. State*, 690 N.E.2d 188, 199 (Ind. 1997); *Ingram v. State*, 508 N.E.2d 805, 808 (Ind.1987).

■ Perez alleges seven instances of ineffective assistance of counsel that he claims combined to render the result of the trial unreliable. Although many of his contentions do not rise to the level of

ineffective assistance of counsel, the failure to object to the jury instruction on self-defense was severely deficient and resulted in prejudice to Perez. The State's Final Instruction No. 4 read:

> The court instructs you that if *any person voluntarily enters a combat, and before entering such combat he provides himself with a knife,* or other deadly weapon, *intending, if his adversary gets the best of him, to use such deadly weapon* on his adversary, and does use it, *and death results, it is murder.* In other words, if the conflict is voluntarily entered into by both parties, and one believes, for instance, that it is and will be only a fist fight, and the other provides himself with a weapon to use in case he is getting the worst of it, and he does so use it, he cannot avail himself of the right of self-defense, unless he has given up the fight, and in good faith has attempted to withdraw from the conflict. (Emphasis added.)

This instruction was approved in *Voght v. State,* 145 Ind. 12, 17, 43 N.E. 1049, 1052 (1896), but more than twenty years ago, this Court stated that "[t]his was no longer the accepted rule." *Loyd v. State,* 272 Ind. 404, 408, 398 N.E.2d 1260, 1264–65 (1980). Even the State concedes that the "instruction appears to be an incorrect statement of law." Failure to object to the incorrect instruction cannot be attributed to trial tactics. *Cf. Wilson v. State,* 611 N.E.2d 160, 164–65 (Ind.Ct.App.1993), *trans. denied.* In effect, this instruction told the jury that intentional use of a weapon is murder. This did away entirely with the requirement of a "knowing or intentional killing."

The second prong of *Strickland* requires a showing of prejudice. In this case, we think it is clear that there is a reasonable probability that, but for counsel's error, the result of the proceeding would be different. Perez was involved in a barroom brawl that went awry. The given instruction clearly directed the jury to return a guilty verdict on the murder charge if Perez voluntarily entered combat with a deadly weapon and his use of the weapon resulted in death. Although this instruction claims to relate only to the defense of self-defense, it precluded an acquittal even if the jury found facts that did not support a murder charge—i.e., that Perez had no intent to kill and did not use the knife in a way that was likely to kill.

It is clear that Thomas participated in an attack on Perez's friend and was a willing participant in the fight, not an innocent bystander. Perez and Thomas then became involved in a barroom brawl that resulted in Thomas' death. Thomas punched Perez several times in the face and suffered four knife wounds. Three of these were "very superficial." Apparently, even Thomas assumed that all was well after the fight was over, because he attempted to return to the bar before he collapsed. Perez testified that he did not realize Thomas was dead until the next day. These facts present the reasonable likelihood that the jury could find that Perez did not knowingly or intentionally kill Thomas even if he is guilty of one of the lesser included offenses. This is a reasonable probability of a different result, and retrial is required.

### Conclusion

The judgment of the trial court is reversed and this case is remanded for retrial.

SHEPARD, C.J., and DICKSON, SULLIVAN, and RUCKER, JJ., concur.