**Clarence Batei TOWNSEND,
Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 71A04–0012–CR–563.**

Court of Appeals of Indiana.

June 19, 2001.

---

Mark A. Kopinski, South Bend, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Eileen Euzen, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

KIRSCH, Judge.

Clarence Batei Townsend appeals his conviction for public indecency,[1] a Class A misdemeanor, contending that the evidence was insufficient to support his conviction because, while there was circumstantial evidence that he urinated in a public place, there was neither evidence nor reasonable inference that he showed his penis while doing so. We agree and reverse Townsend's conviction.

## FACTS AND PROCEDURAL HISTORY

On May 23, 2000, at approximately 8:30 p.m., South Bend Police Officer Scott Bryant observed Townsend walking down the street with his knees held closely together. Townsend walked behind a nearby gasoline station, looking nervously over his shoulder as he did so. Bryant followed Townsend to the rear of the building where he saw Townsend standing with his back to the officer, facing the building with his hands in front of him as if holding something. Startled, Townsend turned around. Bryant saw that Townsend's pants were unzipped, that there was a big wet spot on the front of Townsend's pants, and that a puddle of urine was flowing on the ground away from the building. Bryant also smelled the odor of urine, but did not see Townsend's penis or a stream of urine coming from Townsend. Bryant arrested Townsend.

The State charged Townsend with public indecency and public intoxication. During the bench trial, the State dismissed the public intoxication charge. The trial court found Townsend guilty of the remaining charge of public indecency and sentenced him to payment of court costs. Townsend now appeals.

## DISCUSSION AND DECISION

Townsend challenges his conviction on the basis of insufficient evidence, contending that there was no evidence that he knowingly or intentionally showed his penis in a public place. The State responds that the evidence, albeit circumstantial, is sufficient for the trier of fact to draw a reasonable inference that Townsend knowingly or intentionally showed his penis in the course of urinating in public.

In reviewing claims of insufficient evidence, we neither reweigh the evidence nor judge witness credibility. *Whatley v. State*, 708 N.E.2d 66, 68 (Ind. Ct.App.1999). We consider only the evidence favorable to the verdict and any reasonable inferences to be drawn therefrom. *Id.* If there is substantial evidence of probative value to support the conviction, it will not be set aside. *Marshall v. State*, 602 N.E.2d 144, 147 (Ind.Ct.App. 1992), *trans. denied.*

IC 35–45–4–1 states that a person who knowingly or intentionally appears in a public place in a state of nudity commits public indecency and defines nudity as, in operative part, "*the showing* of the human male or female genitals, pubic area, or

1. *See* IC 35–45–4–1(a).

buttocks with less than a fully opaque covering[.]" IC 35–45–4–1(a), (b) (emphasis added). Here, the trial court found that Townsend urinated at the back of the gas station, a public place, and having done so, Townsend necessarily exposed his penis and thereby appeared in a state of nudity in violation of IC 35–45–4–1. We agree with the trial court that Townsend urinated at the rear of the building, a public place. However, under the facts of this case, we find no violation of IC 35–45–4–1.

For Townsend to have appeared in a state of nudity, he was required to show his penis. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2105 (1967) defines the term "show," *inter alia,* as "to cause or permit to be seen: as to put on view;" WEBSTER'S NEW WORLD DICTIONARY OF THE AMERICAN LANGUAGE 1319 (2nd ed.1970) defines "show" as "to bring or put in sight or view; cause or allow to appear or be seen; make visible; exhibit; display;" and THE AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE 1199 (1970) similarly defines "show" as "to cause or allow to be seen or viewed; to display; make visible." In this case, Townsend did not cause his penis to be seen or otherwise put it on view. To the contrary, he walked to the rear of the building to avoid detection. In fact, not only did he intend that no one see his penis, he was successful in achieving the desired result, as no one saw it. *Contra Whatley,* 708 N.E.2d at 68–69 (although naked truck driver asserted that he did not intend for anyone to view him, vehicle inspector in fact observed him).

We are not unmindful of the remarks of this court in *Whatley,* in which we applied the public indecency statute to a man who, while nude, drove his semi-trailer truck on Interstate 65. After pulling his truck into a weigh station, a state police motor carrier inspector discovered the driver's lack of attire. Whatley was subsequently arrest-ed and convicted. In response to Whatley's argument on appeal that he was seen only because of the inspector's command to open his cab door, the court stated: "[I]t is not the observation of his nudity that the statute proscribes. Rather, the prohibition is against [his] appearance in a public place in a state of nudity. The observation is simply evidence of that which occurred." *Id.* at 68. The majority's comments in *Whatley* suggest that because the statute's language does not expressly require that an individual view the nudity, no observation of the nudity is required for commission of the offense. Because we find *Whatley* distinguishable from this case in several respects, we do not find it controlling of our decision here.

■ First, the threshold issue, and the concomitant analysis, in *Whatley* was whether the defendant was in a "public place" while driving his truck on the state's highways. We have already concluded that Townsend was in a public place. Thus, *Whatley's* analysis and application of IC 35–45–4–1, while relevant, is not determinative here. Second, Whatley knew that he (1) would be required to stop at a weigh station, (2) faced a reasonable likelihood that an inspector would approach his vehicle, and (3) might be asked to exit his rig. Accordingly, the circumstances support the inference that Whatley's conduct was "knowingly or intentionally" committed. In contrast, Townsend's deliberate walk to the rear of the premises suggests that any momentary display, and we have no evidence that any occurred, was not knowing or intentional. Third, and perhaps most significant, in *Whatley* one or more persons in fact observed the defendant in his nude state. We have no such casualties in this case. " '[The purpose of the statute is] to protect the nonconsenting viewer who might find such a spectacle repugnant.' " *See id.* at 69

(quoting *Thompson v. State*, 482 N.E.2d 1372, 1375 (Ind.Ct.App.1985)). In this case, Townsend's conviction fails to serve the statute's purpose, namely protecting the unsuspecting and non-consenting viewer from another's exposure.[2]

We conclude that the evidence is sufficient only to draw the inference that Townsend urinated in a public place; no evidence directly or circumstantially establishes that Townsend exposed his penis while doing so. Indeed, the evidence does not even establish that Townsend had a penis, much less that he knowingly or intentionally exposed it.

Here, Townsend was convicted for urinating in a public place, not for exposing his penis to anyone. The Indiana General Assembly may choose to prohibit public urination. To date, it has not done so.

Reversed.

SHARPNACK, C.J., concurs.

MATTINGLY–MAY, J., dissents with separate opinion.

MATTINGLY–MAY, Judge, dissenting.

To the extent the majority's decision requires that someone see the offending body part, the effect of the decision is to prevent any conviction of public indecency based on circumstantial evidence. That is inconsistent with the intent of the public indecency statute and I must therefore respectfully dissent.

When Officer Bryant found Townsend at the rear of the building, Townsend's pants were unzipped, a puddle of urine was flowing on the ground away from the building, and there was a wet spot on the front of Townsend's pants. Those facts, along with the fact Townsend was facing the building with his hands in front of him as if he were holding something, leads to the inescapable conclusion that Townsend was holding his penis and urinating. At some point his penis must have been exposed, unless we are to believe Townsend urinated on the ground without removing his penis from his unzipped pants.

I also disagree with the majority's conclusion that "Townsend's deliberate walk to the rear of the premises suggests that any momentary display, and we have no direct evidence that any occurred, was not knowing or intentional." (Op. at 418.) I would decline to hold that urinating in a public place, without walls or any other sort of cover, cannot be knowing or intentional.

Finally, I disagree with the majority's opinion insofar as it distinguishes *Whatley*, where one or more persons observed the defendant's nudity, and the present case, where there were "no such casualties." (Op. at 418.) It is true that the purpose of the public indecency statute is "to protect the non-consenting viewer who might find such a spectacle repugnant." 708 N.E.2d at 69, quoting *Thompson v. State*, 482 N.E.2d 1372, 1375 (Ind.Ct.App.1985). The majority would require that the "non-consenting viewer" have actually seen Townsend's penis before public indecency could have occurred.

Essentially, what the majority has done is answer in the negative the age-old question, "if a tree falls in the forest, and no one is there to hear it, does it make a sound?" I would decline to hold that public urination is acceptable so long as no one

---

**2.** Arguably, the statute as written may reach beyond the desired purpose of protecting the non-consenting viewer, and, as aptly recognized by Judge Sullivan in his dissent in *Thompson*, 482 N.E.2d at 1376, may also allow for the prosecution of that segment of Indiana's population who, with the legitimate purpose of using a public restroom, expose themselves.

views the perpetrator's penis, and I would accordingly affirm Townsend's conviction of public indecency.