Dennis R. GLOTZBACH, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 10A05–0207–CR–321.

Court of Appeals of Indiana.

Feb. 28, 2003.

Dennis R. Glotzbach, Westville, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Andrew A. Kobe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SHARPNACK, Judge.

Dennis R. Glotzbach appeals his conviction for public indecency as a class D felony.[1] Glotzbach raises two issues, which we expand and restate as:

I. Whether he received ineffective assistance of trial counsel by reason of failure to seek exclusion of identification evidence;

II. Whether the trial court committed fundamental error by admitting the evidence of identification, and;

III. Whether there is sufficient evidence to sustain his conviction for public indecency as a class D felony because committed in a public place where a child less than sixteen years of age was present.

We affirm.

The facts most favorable to the conviction follow. On March 16, 2000, seven-teen-year-old Ashley Hutt was doing her math homework in the Jeffersonville Public Library. While she was working, she heard a funny noise. She looked up and saw a man masturbating. Hutt told library employee Charles Welch what she had seen. While speaking with Welch, Hutt pointed to a man who was walking out from between a couple of stacks. Welch attempted to follow the man, saying, "excuse me, sir" in an attempt to get his attention as he walked through the library. However, the man started walking faster and eventually exited the library. Welch followed him to the parking lot and saw him get into a Nissan Sentra with license plate number 10A193. The license plate number is registered to Glotzbach. The Jeffersonville Township Public Library Incident Form, completed by a member of the library staff on the day in question, described the perpetrator as a "[m]an approximately 30–40 with dark grayish hair; average male height. Wore a bright red plaid shirt with a black jacket; dark pants." State's Ex. 5.

Approximately one week later, Hutt identified Glotzbach's photograph from an array of four photographs. The State charged Glotzbach with public indecency as a class D felony. The jury found Glotzbech guilty as charged and the trial court sentenced him to three years in the Indiana Department of Correction.

### I.

The first issue is whether Glotzbech received ineffective assistance of counsel. Here, Glotzbach claims that "[t]rial counsel improperly failed to file a motion to suppress the identification evidence, [and] failed to make a contemporaneous objection to the in-court identification." Appel-

---

1. Ind.Code § 35–45–4–1 (Supp.2001).

lant's Brief at 12. Ineffective assistance of counsel claims are governed by the two part test established by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), *reh'g denied. See also Perez v. State*, 748 N.E.2d 853, 854 (Ind. 2001). According to this test, Glotzbach must first establish that his trial counsel's performance was deficient. *Id.* To demonstrate deficient performance, Glotzbach must show that his trial counsel's representation fell below an objective standard of reasonableness and that the errors were so serious that they resulted in a denial of Glotzbach's Sixth Amendment right to counsel. *Id.* Second, Glotzbach must demonstrate that the deficient performance prejudiced his defense. *Id.* In order to establish prejudice, Glotzbach must show that there is a reasonable probability that, but for his trial counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

When considering a claim of ineffective assistance of counsel, a "strong presumption arises that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Morgan v. State*, 755 N.E.2d 1070, 1072 (Ind.2001). Evidence of isolated poor strategy, inexperience, or bad tactics will not support a claim of ineffective assistance of counsel. *Clark v. State*, 668 N.E.2d 1206, 1211 (Ind.1996), *reh'g denied, cert. denied*, 520 U.S. 1171, 117 S.Ct. 1438, 137 L.Ed.2d 545 (1997). Moreover, when an appellant brings an ineffective assistance of counsel claim based upon trial counsel's failure to make an objection, the appellant must demonstrate that the trial court would have sustained a proper objection. *Stroud v. State*, 587 N.E.2d 1335, 1338 (Ind.Ct.App.1992), *trans. denied.* Further, the decision of

whether to file a particular motion is matter of trial strategy, and, absent an express showing to the contrary, the failure to file a motion does not indicate ineffective assistance of counsel. *Id.*

■ First, Glotzbach argues that his trial counsel rendered ineffective assistance by failing to file a motion to suppress the photograph array which he claims was impermissibly suggestive. The array consisted of four photographs. The first was one taken of the defendant as he stood before a counter window in the police station. It was taken as he turned in response to an officer calling his name. The other pictures were each of a different man in front of the same counter window. Specifically, Glotzbach argues that the photograph array was unduly suggestive because: (1) the photograph array included only four photographs; (2) the other three subjects in the photographs were relaxed and posed while he appeared startled; (3) he was the only subject wearing a plaid shirt; (4) differences in height are apparent; and (5) the age of the subject in photograph number two was suggestive because he was obviously older than the other three subjects and was not likely to be identified.

Our review of the record indicates that, under the totality of the circumstances, the photograph array was not impermissibly suggestive. Moreover, we acknowledge that law enforcement officers are not required to "perform the improbable if not impossible task of finding four or five other people who are virtual twins to the defendant." *Pierce v. State*, 267 Ind. 240, 246, 369 N.E.2d 617, 620 (1977). Here, the distinctions which Glotzbach identifies are not so critical that they would likely lead to a misidentification. First, the fact that the photograph array contained no more than four photographs does not necessarily

indicate that the photograph array was unnecessarily suggestive. *See, e.g., Farrell v. State*, 622 N.E.2d 488, 494 (Ind. 1993) (stating that an array of fewer than five photographs does not render the testimony regarding the identification inadmissible per se). Further, all four photographs were taken in the same location and although Glotzbach's body is not directly facing the camera, like the other three subjects, his position in the photograph does not differ to the degree whereby the photograph array would be perceived as impermissibly suggestive. Moreover, although Glotzbach was the only subject wearing a plaid shirt, it was primarily blue and not "bright red" as specified in the perpetrator's description on the Jeffersonville Township Public Library Incident Form. State's Ex. 5. Lastly, the difference in the height, age, and build of the four subjects were minimal and were therefore not impermissibly suggestive.

■ Although he did not file a motion to suppress, trial counsel's cross-examination was calculated to raise doubts about the legitimacy of the photograph array at trial. As our supreme court has observed, "there is no one way to defend a particular defendant, and so a reviewing court must grant the trial attorney significant deference in choosing a strategy which, at the time and under the circumstances, he or she deems best." *Potter v. State*, 684 N.E.2d 1127, 1133 (Ind.1997). As such, trial counsel's decision not to file a motion to suppress was a matter of trial strategy. Moreover, Glotzbach has not demonstrated that the photograph array was impermissibly suggestive. Accordingly, he has failed to establish that, but for trial counsel's failure to file the motion to suppress, the result of the proceedings would have been different. *See, e.g., Stroud*, 587 N.E.2d at 1338 (holding that defendant failed to demonstrate that trial counsel's failure to file a motion to suppress amounted to ineffective assistance of counsel).

■ Glotzbach also argues that his trial counsel rendered ineffective assistance because he failed to make a contemporaneous objection to the admission of the photograph array at trial. When an appellant brings an ineffective assistance of counsel claim based upon trial counsel's failure to make an objection, the appellant must demonstrate that the trial court would have sustained a proper objection. *Id.* at 1338. As we have previously mentioned, Glotzbach has failed to prove that the photograph array was impermissibly suggestive. As such, he has not established that the trial court would have sustained an objection to the admissibility of the photograph array. Moreover, Glotzbach has not demonstrated that, but for trial counsel's failure to make a contemporaneous objection, the result of the proceedings would have been different. *See, e.g., Grigsby v. State*, 503 N.E.2d 394, 396 (Ind.1987) (holding that trial counsel's representation did not amount to ineffective assistance of counsel where he failed to object to one of the trial court's final instructions). Accordingly, Glotzbach has failed to establish that his trial counsel's performance was ineffective.

## II.

■ The second issue is whether the trial court committed fundamental error by admitting the evidence of identification. As we know, Glotzbach did not object to the admission of the identification evidence at trial and such a failure normally results in waiver of the issue on appeal. *Oberst v. State*, 748 N.E.2d 870, 874 (Ind.Ct.App. 2001), *trans. denied.* Glotzbach argues that the admission of the identification testimony amounted to fundamental error. The fundamental error exception to the

waiver rule is an extremely narrow one. *Mitchell v. State,* 726 N.E.2d 1228, 1235 (Ind.2000), *reh'g denied.* To rise to the level of fundamental error, the error must be so prejudicial to the rights of the defendant as to make a fair trial impossible. *Oberst,* 748 N.E.2d at 874. Specifically, the error "must constitute a blatant violation of basic principles, the harm or potential for harm must be substantial, and the resulting error must deny the defendant fundamental due process." *Wilson v. State,* 514 N.E.2d 282, 284 (Ind.1987).

Here, we cannot say that the trial court's admission of the photograph array was so "prejudicial to the rights of the defendant so as to make a fair trial impossible." *Oberst,* 748 N.E.2d at 874. As we have previously discussed, the photograph array was not impermissibly suggestive. As such, the fundamental error exception does not apply to this matter. Accordingly, trial counsel's failure to object to the admission of the identification evidence at trial resulted in a waiver of the issue on appeal. *See, e.g., Mitchell,* 726 N.E.2d at 1235.

### III.

The last issue is whether the evidence is sufficient to support Glotzbach's conviction for public indecency. When reviewing claims of insufficient evidence, we neither reweigh the evidence nor judge the credibility of witnesses. *Townsend v. State,* 750 N.E.2d 416, 417 (Ind.Ct.App.2001). We consider only the evidence favorable to the verdict and any reasonable inferences to be drawn therefrom. *Id.* If there is substantial evidence of probative value to support the conviction, it will not be set aside. *Id.*

The offense of public indecency is governed by Ind.Code § 35-45-4-1, which provides, in pertinent part, that:

(a) A person who knowingly or intentionally, in a public place:

\* \* \* \* \*

(3) appears in a state of nudity; or

(4) fondles the person's genitals or the genitals of another person;

commits public indecency, a Class A misdemeanor.

(b) However, the offense under subsection (a) is a Class D felony if the person commits the offense:

(1) by appearing in the state of nudity with the intent to arouse the sexual desires of the person or another person in or on a public place where a child less than sixteen (16) years of age is present.

### A.

Glotzbach first argues that the evidence is insufficient to support his conviction for public indecency, as a class D felony, because the State failed to establish that children less than sixteen years of age were present. The legislature did not define the term "present" as it appears in Ind.Code § 35-45-4-1(b)(1). Glotzbach argues that, pursuant to Ind.Code § 35-45-4-1(b)(1), "for children to be 'present' they would had to of had a reasonable opportunity/potential to view the act." Appellant's Brief at 34. Accordingly, he contends that because "[t]he supposed children were not in the immediate vicinity, they were not even in the Adult Section of the Library where the incident occurred," the evidence is insufficient to prove that he committed the act of public indecency in a public place when a child under the age of sixteen was present. *Id.* However, the State argues that the term "present" does not require a showing of opportunity; rather, "the plain meaning of the statute requires only proof that children were present." Appellee's Brief at 8. As such,

the term "present" is ambiguous. Because there is an ambiguity, we turn to the rules of statutory construction to aid in our determination of the legislative intent behind Ind.Code § 35–45–4–1.

Where a statute may have more than one reasonable interpretation, it is our foremost objective to determine and give effect to the intent of the legislature. *Sales v. State,* 723 N.E.2d 416, 420 (Ind. 2000). "The best evidence of legislative intent is the language of the statute itself, and all words must be given their plain and ordinary meaning unless otherwise indicated by statute." *Hendrix v. State,* 759 N.E.2d 1045, 1047 (Ind.2001). We will examine the statute as a whole, and avoid excessive reliance upon a strict literal meaning or the selective reading of individual words. *Sales,* 723 N.E.2d at 420. The legislature is presumed to have intended that the language used in the statute be applied logically and not bring about an unjust or absurd result. *Id.* Moreover, when dealing with a penal statute, as we do here, the term must be strictly construed against the State. *Spangler v. State,* 607 N.E.2d 720, 723 (Ind.1993). Any ambiguity must be resolved against imposing the penalty, and only those cases that are clearly within its meaning and intention can be brought within the statute. *State v. D.M.Z.,* 674 N.E.2d 585, 588 (Ind.Ct.App.1996), *trans. denied.*

■ To ascertain the plain and ordinary meaning of a statutory term we may consult English language dictionaries. *Id.* Here, the dictionary defines "present" as "being at the specified or understood place; at hand; in attendance." WEBSTER'S NEW WORLD DICTIONARY 1065 (3rd ed.1988). Moreover, we may presume that the legislature intended that we interpret the term "present" in its broadest sense. The legislature did not use language of

limitation such as "in the view of" or "seen by." Hence, for children to be present within the meaning of Ind.Code § 35–45–4–1(b)(1) they only must be in the general area in the public place where the perpetrator is so that there is a reasonable prospect that children under sixteen might be exposed to the perpetrator's conduct. Here there were children under the age of sixteen in the area of the checkout desk. There was evidence that they may have been able to see the defendant, with some difficulty through the book shelving, where he was seen by Hutt. Further, the children's area of the library was on the same floor as the adult area where the defendant was. It was opposite the adult area on the other side of the checkout desk. There is no reason to suppose that children under sixteen would not enter the adult area from time to time, for example to consult Mr. Welch as did Hutt. Under these circumstances, children under sixteen were "present" within the statutory reach to protect such children from the potential for exposure to conduct such as the defendant's. The State need not prove that they actually witnessed the defendant's act. A contrary interpretation would bring about an absurd result, because the statute was intended to protect children under the age of sixteen from the mere potential that they might see an individual commit the act of public indecency as defined in Ind.Code § 35–45–4–1.

Thus, this evidence demonstrates that when Goltzbach committed the act of public indecency children under the age of sixteen were present in the library. Accordingly, there is sufficient evidence to sustain Glotzbach's class D felony conviction for public indecency.

#### B.

■ Secondly, Glotzbach argues that the evidence is insufficient to support his

conviction for public indecency because Hutt's in-court identification was unreliable. Specifically, Glotzbach argues that Hutt's testimony indicates that she did not remember seeing the perpetrator's face. He also contends that Hutt was particularly traumatized as a result of the incident and therefore did not possess the state of mind required to remember the perpetrator's face. He further argues that during Hutt's deposition, she stated that it took her "maybe five minutes or so" to identify Glotzbach's photograph from the photograph array. Appellant's Appendix at 13. Glotzbach's argument are without merit.

The record indicates that, under the totality of the circumstances, Hutt's identification was reliable. Specifically, Hutt testified that she heard a funny noise, looked up, and saw Glotzbach masturbating. One week after the incident, she identified Glotzbach's photograph from a photograph array in "twenty or thirty seconds." Transcript at 24. Glotzbach's arguments essentially invite us to reweigh the evidence and reevaluate Hutt's credibility, which we will not do. *Townsend*, 750 N.E.2d at 417. Accordingly, there is sufficient evidence of probative value to support Hutt's identification of Glotzbach.

For the foregoing reasons we affirm Glotzbach's conviction for public indecency as a class D felony.

Affirmed.

KIRSCH and SULLIVAN, JJ., concur.