

**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

FILED

Aug 28 2013, 5:42 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**JAMEL DOUGLAS GILBERT**
Carlisle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GARY R. ROM**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

JAMEL DOUGLAS GILBERT,           )
                                 )
    Appellant-Petitioner,        )
                                 )
        vs.               )    No. 45A03-1201-PC-7
                                 )
STATE OF INDIANA,                )
                                 )
    Appellee-Respondent.         )

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Diana Ross Boswell, Judge
Cause No. 45G03-0906-PC-3

**August 28, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Jamel Douglas Gilbert, pro se, appeals the post-conviction court's denial of his petition for post-conviction relief. He contends that the post-conviction court erred in holding that he did not receive ineffective assistance of trial counsel and that he waived the rest of the claims he asserted for failure to make a cogent argument. Finding that Gilbert did not receive ineffective assistance of trial counsel and he failed to meet the burden of establishing grounds for relief as to his additional claims, we affirm.

**Facts and Procedural History**

The facts underlying Gilbert's convictions were adopted from this Court's memorandum decision on direct appeal:

> On October 9, 2004, Demeka Smith invited several individuals to her birthday party located on Fourth and Tyler Street in Gary, Indiana. Invitees James Baker ("Baker") and Jewaun McFerson ("McFerson") arrived at the party at "10:00 [p.m.] or a little after." Shortly after the party began, a fight erupted directly outside the house, and the party ended. Baker and McFerson left the party in Baker's vehicle and proceeded to Baker's residence located on East Seventh Avenue. As Baker was driving away, McFerson, the front seat passenger in Baker's vehicle, noticed that a white four-door vehicle with tinted windows and rims was following directly behind them. Baker and McFerson arrived in front of Baker's residence and got out of the car, but Baker reentered the vehicle to close his sunroof.
>
> The white four-door vehicle that had been following them pulled up and stopped "a little bit past [Baker's] driveway." An individual exited the rear passenger-side of the white vehicle and walked toward Baker; three other individuals remained inside the vehicle. McFerson observed that the man, who had exited the rear passenger-side, wore a red hooded sweatshirt and he commenced to fire five or six shots in rapid succession at Baker.
>
> The police were called, and McFerson gave the officers a description of the vehicle. The description of the vehicle was dispatched. Officer Donald Evans ("Officer Evans") attempted to respond to the shooting near Seventh and Ohio Street; but, as he approached Tennessee and Eighth Street, he observed two red hooded sweatshirts lying in the middle of the street.

2

Officer Evans stopped and maintained the area until the crime scene detectives arrived. The crime scene detectives collected the two red hooded sweatshirts for evidence. Shortly thereafter, Officer John Faulkner ("Officer Faulkner") stopped a vehicle matching the suspect vehicle's description. Officer Willie Oliver ("Officer Oliver") assisted with the stop. Officer Oliver testified that he pulled four individuals from the white four-door Dodge Dynasty in the following order: the driver, Paris [Albert]; the left rear passenger, Jackie Hicks; the right rear passenger, Gilbert; and the front seat passenger, Carlton Crosslin. That same night, McFerson positively identified the vehicle as the vehicle that was at the scene of the shooting. The following day, McFerson identified Gilbert in a photo array as the person who shot and killed Baker.

*Gilbert v. State*, No. 45A05-0610-CR-609 (Ind. Ct. App. Sept. 7, 2007) (citations omitted). On appeal, Gilbert argued that the trial court abused its discretion when it admitted certain DNA evidence and did not admit evidence of a prior unrelated shooting, and this Court affirmed. *Id.*

Gilbert then filed a post-conviction relief petition, alleging ineffective assistance of both trial and appellate counsel. Appellant's App. p. 17-18. Gilbert argued that his trial and appellate counsel were ineffective for multiple reasons. However, in his petition, Gilbert fully addressed only one claim: that his trial counsel was ineffective for not requesting a hearing concerning whether an alternate juror may have overheard Gilbert's mother say that "They might find Jamel guilty." *Id.* at 57-58. After a hearing, the post-conviction court found that the rest of Gilbert's claims were waived for failure to develop a cogent argument. The post-conviction court also found that Gilbert's trial counsel's performance did not fall below professional norms and that Gilbert was not prejudiced by his trial counsel's actions.

The post-conviction court denied Gilbert's petition for post-conviction relief. Gilbert, pro se, now appeals.

3

## Discussion and Decision

The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5); *Fisher v. State*, 810 N.E.2d 674, 679 (Ind. 2004). When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. *Id.* On review, we will not reverse the judgment unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. *Id.* The post-conviction court in this case entered findings of fact and conclusions thereon in accordance with Indiana Post-Conviction Rule 1(6). "A post-conviction court's findings and judgment will be reversed only upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made." *Id.* The post-conviction court is the sole judge of the weight of the evidence and the credibility of witnesses. *Id.* We accept findings of fact unless clearly erroneous, but we accord no deference to conclusions of law. *Id.*

Gilbert contends that the post-conviction court erred in finding that he waived numerous claims for failure to present a cogent argument and that he received effective assistance of trial counsel.

## I. Waiver of Claims

Gilbert contends that the post-conviction court erred in determining that he waived many of his claims for failure to present a cogent argument. We find that Gilbert's claims were not waived, but rather that Gilbert failed to meet his burden of establishing grounds for relief on those claims.

In a post-conviction hearing, "[t]he petitioner has the burden of establishing his grounds for relief by a preponderance of the evidence." Ind. Post-Conviction Rule 1(5). In his post-conviction petition, Gilbert alleged that his trial counsel was ineffective for: (1) not requesting a hearing concerning whether an alternate juror may have heard his mother comment "they might find Jamel guilty"; (2) failing to present evidence that threats by law enforcement prevented a witness from testifying that Gilbert was not the shooter; (3) failing to suppress DNA evidence; and (4) failing to object to the alternate juror being in the jury room. He also alleged that his appellate counsel was ineffective for not arguing that the DNA evidence was inadmissible. Appellant's App. p. 17-18.

At the post-conviction hearing, Gilbert offered his own testimony along with the testimony of his appellate counsel, his mother, and his sister in an attempt to substantiate his claims.[1] Gilbert's appellate counsel testified that he did challenge the qualifications of the expert who testified about the DNA evidence. Tr. p. 7-8. Gilbert's mother and sister both testified that Gilbert's mother did make the comment that "they might find Jamel guilty," but neither could testify that the alternate juror actually heard the comment. *Id.* at 30-31, 36. Finally, Gilbert testified that his friend told him that he was threatened by a police officer to testify that Gilbert was the murderer. *Id.* at 22. However, Gilbert did not actually hear the conversation at issue. *Id.* at 25.

In his proposed findings of fact and conclusions of law following the hearing, Gilbert only fully addressed the one claim concerning the comment made by his mother by providing legal argument and citation to authority. *Id.* at 39-43. Therefore, there was

---

[1] Gilbert's trial counsel did not testify because he passed away on September 13, 2010. Appellant's App. p. 56.

only one "fully briefed and argued" claim presented for review. *Id.* at 58. Since Gilbert failed to present sufficient evidence or legal authority on all but one of his post-conviction claims, while we cannot say that the post-conviction court should have waived the claims, we do hold that Gilbert failed to meet his burden of establishing grounds for relief by a preponderance of the evidence on those claims. The denial of post-conviction relief was therefore appropriate.

## II. Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both that his counsel's performance was deficient and that the petitioner was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Failure to satisfy either prong will cause the claim to fail. *French v. State*, 778 N.E.2d 816, 824 (Ind. 2002). Counsel's performance is deficient if it falls below an objective standard of reasonableness based on prevailing professional norms. *Id.* Counsel is afforded considerable discretion in choosing strategy and tactics, and we will accord those decisions deference. *Timberlake*, 753 N.E.2d at 603. A strong presumption arises that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* To meet the appropriate test for prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Perez v. State*, 748 N.E.2d 853, 854 (Ind. 2001).

6

In his one claim that survived the post-conviction hearing, Gilbert argues that his trial counsel was ineffective for not requesting a hearing concerning whether an alternate juror may have overheard Gilbert's mother say at church one night during the trial that "They might find Jamel guilty." The record shows that Gilbert's counsel was aware of the statement, but determined that it would not have an effect on the impartiality of the jury and therefore did not request a hearing on the issue. Appellant's App. p. 60. Gilbert contends that this was ineffective assistance. We disagree.

There is a strong presumption that counsel gave adequate assistance and exercised reasonable professional judgment in making all significant decisions. *Timberlake*, 753 N.E.2d at 603. Additionally, we afford counsel substantial discretion in choosing strategy and tactics, and we will accord deference to those decisions. *Id.* Deciding not to make an issue of the statement potentially overheard by an alternate juror was a strategic decision made by Gilbert's counsel, and Gilbert has provided nothing in the record to suggest that this was unreasonable. We must defer to the judgment of Gilbert's counsel and we cannot say that the post-conviction court erred in finding that Gilbert's counsel did not provide a deficient performance.

Additionally, Gilbert has failed to show that he was prejudiced in any way. Gilbert presented no testimony that the alternate juror actually heard the comment or that he communicated the comment to the other jurors. He only presented the testimony of his mother and sister, and both were unsure if the comment was even overheard. Tr. p. 30, 37-38. We therefore hold that the post-conviction court did not err in finding that it

was not ineffective assistance for Gilbert's trial counsel to not request a hearing concerning whether the alternate juror overheard Gilbert's mother's statement.

Affirmed.

BAKER, J., and FRIEDLANDER, J., concur.