## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 14 2017, 10:00 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Joel M. Schumm
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Danny Burton,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 14, 2017<br><br>Court of Appeals Case No.<br>49A02-1609-CR-2103<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Hugh Patrick Murphy, Judge<br><br>Trial Court Cause No.<br>49G16-1604-F6-14658 |

**Barnes, Judge.**

### Case Summary

[1] Danny Burton appeals his conviction for Level 6 felony false reporting. We affirm.

## Issues

[2] The issue before us is whether there is sufficient evidence to sustain Burton's conviction for false reporting.

## Facts

[3] On April 14, 2016, Burton made two calls to 911 and reported that there were explosives set to go off at the Julian Center in Indianapolis. Burton's ex-girlfriend, S.S. was living at the Julian Center at this time. During the first call, Burton stated, "there's an explosive device set to go off in ten minutes at the Julian Center." Ex. 3A. Burton told the dispatcher that he intended to harm S.S., stating that "she is getting ready to die," and that he intended to "blow that b**** up today." *Id.* Burton refused to give the exact locations of the explosives, stating "you'll have to find it." *Id.* During the second call, Burton stated "So ya'll think I'm bulls******* you right? You got three minutes to evacuate the Julian Center. The bomb is going to go off. I have three bombs planted." *Id.* Burton also stated that he had a detonator and that he would use it if the explosives did not go off on their own. Burton also stated that there were three fifty-five-gallon drums filled with nitrate and diesel fuel that he had placed himself.

[4] On April 15, 2016, Burton called 911 two more times, again threatening to blow up the Julian Center. In the first call, Burton stated, "I corrected the

problem last night … I'm going to blow up the Julian Center and everything in it." Ex. 4A.  Burton claimed there were three fifty-five-gallon drums filled with nitrate and diesel fuel.  When asked where the explosives were located, Burton stated that the explosives were "sitting outside." *Id.*  In the second call, Burton again referenced the three fifty-five-gallon drums and stated that he had some difficulty with the detonator, but that the bombs were still set to go off in five minutes.  Police were dispatched to the Julian Center on both occasions.  Explosives were not discovered.

[5] On April 20, 2016, Burton was charged with Level 6 felony false reporting, Level 6 felony intimidation, and Class A misdemeanor invasion of privacy.  During a bench trial on August 8, 2016, Burton was convicted of Level 6 felony false reporting.  On August 22, 2016, the trial court sentenced Burton to 545 days imprisonment.  Burton now appeals his conviction.

## Analysis

[6] Burton argues that the evidence is insufficient to support his conviction for false reporting for two reasons: (1) "the state offered no evidence that the purported explosives were placed 'in' a building; and (2) the defendant's emotional state negated any knowledge that the report was false."  Appellant's Br. p. 4.  When reviewing a claim of insufficient evidence, we neither reweigh evidence nor judge the credibility of witnesses.  *Rutherford v. State,* 866 N.E.2d 867, 871 (Ind. Ct. App. 2007).  We consider only the evidence favorable to the judgment and any reasonable inferences to be drawn therefrom.  *Glotzbach v. State,* 783 N.E.2d 1221, 1226 (Ind. Ct. App. 2003).  We will affirm a conviction unless we

conclude that no reasonable fact-finder would find the elements of the crime proven beyond a reasonable doubt. *Stokes v. State,* 922 N.E.2d 758, 763 (Ind. Ct. App. 2010) *trans. denied.* It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. *Id.*

### A. Sufficiency of Evidence for Falsely Reporting Explosives "in" a Building.

[7] Burton contends that the evidence was insufficient to support a conviction for false reporting because "[he] never claimed to have placed explosives "in" the Julian Center. Rather, when asked during the third call about their placement, he explicitly stated, 'they are sitting outside.'" Appellant's Br. p. 7. Indiana Code Section 35-44.1-2-3(c) provides in part that "a person who reports, by telephone, telegraph, mail, or other written or oral communication, that: (1) the person or another person has placed or intends to place an explosive, a destructive device, or other destructive substance in a building or transportation facility … knowing the report to be false, commits false reporting, a Level 6 felony."

[8] The evidence most favorable to the judgment shows that Burton made four 911 calls between April 14, 2016, and April 15, 2016. During each of the phone calls, Burton was asked to provide the location of the explosives he claimed to have placed at the Julian Center. Burton refused to give the exact location, but he gave the address of the Julian Center during every call. Burton also stated that he intended to kill S.S., who at the time was living at the Julian Center. Burton also demanded that the Julian Center be evacuated. On April 15, 2016,

Burton stated that he was "going to blow up the Julian Center and everything in it." Ex. 4A.

[9] Burton argues that the language of the statute specifies that a person must report explosives "in" a building in order to commit false reporting. Burton's argument relies heavily on only one of the statements made during the several calls placed over the two-day period. Thus, his argument fails to acknowledge that he not only expressly named the Julian Center on all four occasions, but that he also provided the address and stated that he wanted to blow up everything *inside* it. Burton was only charged with one count of false reporting. Thus, despite the statement made during the third phone call that the explosives were sitting outside, any reasonable fact-finder could infer that Burton committed false reporting. Whether Burton intended to claim that he placed the explosives "in," "at," or "outside" the Julian Center, the intent was the same. Burton alleged that he intended to blow up S.S., who he knew was living in the Julian Center at the time. During the other three phone calls, Burton failed to provide the exact location for the alleged bombs that he placed, and therefore police and staff had to search the building and take any other necessary precautions, on both occasions, to ensure the residents' safety.

### B. Sufficiency of Evidence for Knowing Report to be False

[10] Burton argues that the evidence was insufficient to support his conviction because "the state also failed to prove that Burton knew his report of a bomb to be false." Appellant's Br. p. 8. When reviewing knowledge or intent, absent an admission by the defendant, the trier of fact must resort to the reasonable

inferences from both direct and circumstantial evidence to determine whether the defendant has the requisite knowledge or intent to commit the offense in question. *Stokes,* 922 N.E.2d at 764. Knowledge or intent may be proven by circumstantial evidence, and it may be inferred from a defendant's conduct and the natural and usual sequence to which such conduct logically and reasonably points. *Id.*

[11] Burton contends that, because he "became emotional when discussing the alleged bombs and apologized for setting them," that he did not know the report was false. Appellant's Br. p. 9. The evidence shows otherwise. Burton made several 911 calls over the course of a two-day period, and during each call, he stated that he had placed three fifty-five-gallon drums at the Julian Center. Burton also stated that he had filled each of the drums with nitrate and diesel fuel and that he had a detonator to use if the explosives did not ignite on their own. When the alleged explosives failed to detonate on April 14, 2016, Burton again called 911 alleging that he had fixed the problem and that bombs would explode. On both occasions, Julian Center staff and police officers searched the building and did not find any explosives inside or outside of the Julian Center. The fact that Burton became emotional after he made the phone calls has no bearing on whether he knowingly made false threats during the phone calls. Based on Burton's conduct during the 911 calls, it was reasonable for the trial court to infer that Burton knowingly made false reports.

## Conclusion

There was sufficient evidence to support Burton's conviction for Level 6 felony false reporting. We affirm the decision of trial court.

Affirmed.

Baker, J., and Crone, J., concur.