**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**PAUL J. PACIOR**
Noblesville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

May 16 2012, 9:27 am

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TIMOTHY T. BROOKS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 29A02-1109-CR-858 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HAMILTON SUPERIOR COURT
The Honorable J. Richard Campbell, Judge
Cause No. 29D04-0909-FD-5747

**May 16, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

## Case Summary

When Rebecca Glazier and her ten-year-old daughter went shopping, they got more than they bargained for. They returned to their vehicle in the Meijer store parking lot and found Timothy T. Brooks sitting in a neighboring vehicle, masturbating. Glazier immediately called 911, and Brooks eventually told police that his pants had been unfastened but that he had not masturbated.

The State charged Brooks with three indecency-related offenses, and after a jury found him guilty as charged, the trial court entered judgment of conviction against him for class D felony performing sexual conduct in the presence of a minor. Brooks now files this belated appeal, challenging the sufficiency of evidence to show that he intended to arouse himself in the presence of a minor. Finding the evidence sufficient to support his conviction, we affirm.

## Facts and Procedural History

On the afternoon of September 18, 2009, Glazier took her ten-year-old daughter S.G. to a Carmel Meijer store. When she parked her SUV, she noticed that Brooks was sitting in his sedan in an adjacent parking space, giving her a "creepy glance." Tr. at 86. Ten minutes later, when Glazier and S.G. returned to their vehicle, Glazier saw Brooks masturbating in his vehicle. She specifically observed that his penis was exposed and erect and that his hand was on or around his penis. She immediately exclaimed to S.G., "that mans [sic] penis is out." *Id*. at 88, 99. S.G. saw Brooks but did not see his penis. Glazier called 911, and police arrived shortly thereafter. Brooks admitted that his shorts were open and his belt was

2

unbuckled, but he denied masturbating. Police found KY massage oil in the front passenger's seat of Brooks's vehicle.

On September 24, 2009, the State charged Brooks with class D felony performing sexual conduct in the presence of a minor, class A misdemeanor public indecency, and class B misdemeanor public nudity. On December 16, 2010, a jury convicted Brooks on all counts. The trial court cited double jeopardy concerns and entered judgment only on the class D felony count. Brooks subsequently sought and was granted this belated appeal. Additional facts will be provided as necessary.

**Discussion and Decision**

Brooks challenges the sufficiency of evidence supporting his conviction. When reviewing a sufficiency of evidence claim, we neither reweigh evidence nor assess witness credibility; rather, we consider only the probative evidence and reasonable inferences most favorable to the verdict. *Joslyn v. State*, 942 N.E.2d 809, 811 (Ind. 2011). We will affirm if there is probative evidence from which a reasonable trier of fact could conclude that the elements of the crime have been proven beyond a reasonable doubt. *Drane v. State*, 867 N.E.2d 144, 147 (Ind. 2007).

Brooks was convicted of performing sexual conduct in the presence of a minor. Indiana Code Section 35-42-4-5(c)(3) states, "A person eighteen (18) years of age or older who knowingly or intentionally … touches or fondles the person's own body … in the presence of a child less than fourteen (14) years of age with the intent to arouse or satisfy the

3

sexual desires of the child or the older person commits performing sexual conduct in the presence of a minor, a Class D felony."

Brooks contends that the State failed to establish his "intent to arouse" either himself or S.G. In this vein, he argues that he merely unbuckled and opened his pants because he was hot and overweight and that Glazier never established that she saw his hand moving.[1] These matters were within the province of the jury, and we decline Brooks's invitation to assess credibility and give greater weight to his self-serving testimony. The evidence most favorable to the verdict establishes that Brooks's penis was exposed and erect, that his hand was on or around his penis, and that he had massaging lubricant in the seat next to him. Such evidence gives rise to a reasonable inference that he intended to arouse himself.

Brooks also claims that the State failed to prove that he was "in the presence" of S.G. To establish that the defendant was in the presence of a child when he performed a sex act, the statute does not even require that the child be aware of the defendant's conduct, let alone witness it. *See Baumgartner v. State*, 891 N.E.2d 1131, 1137 (Ind. Ct. App. 2008) (finding that defendant was "in the presence" of children despite their lack of awareness where he masturbated while looking at two toddlers in their beds). The statute merely requires that a child under age fourteen be in the general area where the perpetrator is so that there is a "reasonable prospect that children might be exposed to the perpetrator's conduct." *Glotzbach*

---

[1] We note Brooks's argument that the State failed to define the term "masturbation" for the jury. However, the State elicited descriptive testimony from Glazier concerning Brooks's conduct, and the jury could rely on common sense in concluding that Brooks masturbated. *See McCoy v. State*, 574 N.E.2d 304, 308-09 (Ind. Ct. App. 1991) (concluding that despite lack of definitions for "fondling" and "touching," jury could rely on common sense and common knowledge of terms).

4

*v. State*, 783 N.E.2d 1221, 1227 (Ind. Ct. App. 2003).  Here, Brooks was parked in the public parking space adjacent to the Glaziers as they returned to their vehicle and was therefore sufficiently in ten-year-old S.G.'s presence at the time he masturbated.  S.G. saw Brooks's face and had the prospect of seeing his conduct.  The fact that she did not actually see his penis was a stroke of good fortune not attributable to the defendant.  Based on the foregoing, we conclude that the evidence is sufficient to support Brooks's conviction.  Accordingly, we affirm.

Affirmed.

VAIDIK, J., and BRADFORD, J., concur.