# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**THOMAS P. KELLER**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

**FILED**
Apr 24 2013, 8:46 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOSHUA McCAINE PILLOW, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 71A04-1206-CR-325 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable R. W. Chamblee, Judge
Cause No. 71D02-1108-FC-180

**April 24, 2013**

**OPINION - FOR PUBLICATION**

**MAY, Judge**

Joshua McCaine Pillow appeals his conviction after a bench trial of Class C felony operating a motor vehicle after his driving privileges had been forfeited for life.[1] Pillow argues the evidence was insufficient to convict him. We affirm.

## FACTS AND PROCEDURAL HISTORY

On January 26, 2010, Pillow agreed to plead guilty to Class D felony operating a motor vehicle while suspended as an habitual traffic violator.[2] The statute defining that crime provides: "In addition to any criminal penalty, a person who is convicted of a felony under subsection (a) forfeits the privilege of operating a motor vehicle for life." Ind. Code § 9-30-10-16(c). Pillow's plea agreement provided he would "receive a lifetime suspension of driving privileges."[3] (App. at 37.) The trial court accepted that plea agreement and entered Pillow's conviction as a Class D felony.

On July 8, 2011, Pillow was stopped because he was driving with his car's headlights off. Pillow admitted his license was suspended. The officer checked Pillow's driving record and determined Pillow "was a[n] habitual traffic violator." (Tr. at 7.) The officer arrested Pillow for operating a motor vehicle as an habitual traffic violator.

The State charged Pillow with Class C felony operating a motor vehicle after lifetime suspension of driving privileges. Pillow moved to dismiss that charge because neither his 2010 sentencing order nor his Bureau of Motor Vehicles (BMV) record indicated his driving privileges had been suspended for life. The trial court denied that

---

[1] Ind. Code § 9-30-10-17.
[2] Ind. Code § 9-30-10-16.
[3] The plea agreement required the State to dismiss charges under another cause number and left the parties free to argue for any legal sentence.

motion, and we declined his petition for interlocutory appeal. The trial court found him guilty, entered a conviction of Class C felony driving while suspended for life, and ordered a six-year sentence.

## DISCUSSION AND DECISION

The State convicted Pillow pursuant to a statute that provides "[a] person who operates a motor vehicle after the person's driving privileges are forfeited for life under [Ind. Code § 9-30-10-16] … commits a Class C felony." Ind. Code § 9-30-10-17. Pillow argues we must vacate his conviction because neither his BMV driving record nor the 2010 judgment convicting him of Class D felony driving as an habitual traffic offender indicated his driving privileges were forfeited for life.

> In reviewing the sufficiency of the evidence, we examine only the probative evidence and reasonable inferences that support the verdict. We do not assess witness credibility, nor do we reweigh the evidence to determine if it was sufficient to support a conviction. Under our appellate system, those roles are reserved for the finder of fact. Instead, we consider only the evidence most favorable to the trial court ruling and affirm the conviction unless 'no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt.' This evidence need not overcome every reasonable hypothesis of innocence; it is sufficient so long as an inference may reasonably be drawn from it to support the verdict.

*Lock v. State*, 971 N.E.2d 71, 74 (Ind. 2012) (internal citations and quotations omitted).

Pillow was convicted in 2010 of violating Ind. Code § 9-30-10-16, which provides a person who is convicted of a felony under that section "forfeits the privilege of operating a motor vehicle for life." The State was not obliged in the case before us to prove Pillow knew of his lifetime forfeiture. Knowledge of a lifetime forfeiture is not an element of Indiana Code § 9-30-10-17, so proof of knowledge is not necessary to sustain

3

a conviction. *Brock v. State*, 955 N.E.2d 195, 205 (Ind. 2011), *cert. denied*. There, our Indiana Supreme Court concluded "the General Assembly intended section 17 to be a strict liability offense" with no knowledge requirement. *Id.* at 204-05.

Nor was Pillow's conviction improper because at the time of his offense the BMV had not received notice of his 2010 conviction. Pursuant to Ind. Code § 9-30-10-16(c), a person who is convicted of a felony under that section "forfeits the privilege of operating a motor vehicle for life." Pillow's lifetime suspension was imposed by statute, and we decline his invitation to hold the BMV's inaction nullifies that statutory requirement. *See State v. Vankirk*, 955 N.E.2d 765, 769 (Ind. Ct. App. 2011) (BMV record does not control status of driving privileges when that record is inconsistent with mandatory consequences of Ind. Code § 9-30-10-16(c). Trial court's earlier modification of conviction from Class D felony to Class A misdemeanor "removes the lifetime forfeiture of a defendant's driving privileges," regardless whether BMV record acknowledges that modification.), *trans. denied*.

There was sufficient evidence Pillow operated a motor vehicle and his driving privileges had been forfeited for life, which is all the State is obliged to prove under section 9-30-10-17. *Brock*, 955 N.E.2d at 205. We accordingly affirm.

Affirmed.

ROBB, C.J., and PYLE, J., concur.