## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Mar 09 2015, 9:28 am
*Kevin S. Smith*
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Patricia Caress McMath
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Derrick Morris,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

March 9, 2015

Court of Appeals Case No.
49A02-1408-CR-544

Appeal from the Marion Superior
Court
The Honorable Linda E. Brown,
Judge
Case No. 49F10-1403-CM-13602

**Crone, Judge.**

## Case Summary

[1]     Derrick Morris was found guilty of class C misdemeanor public nudity. He challenges the sufficiency of the evidence supporting his conviction and claims

that the trial court erred in admitting evidence of intoxication. Finding that the evidence was sufficient to support his conviction and that any error in the admission of intoxication evidence was harmless, we affirm.

## Facts and Procedural History

On March 15, 2014, Officer Todd Scroggins with the Indianapolis Metropolitan Police Department was working undercover, "looking for homeless people engaged in drinking, lewd behavior and disorderly conduct." Tr. at 9. At around 10:00 p.m., Officer Scroggins was in his unmarked police car when he observed Morris standing near a building in the 800 block of North Illinois Street. The officer got out of his vehicle and approached Morris. As the officer got closer, he saw that Morris was holding his penis in one hand and urinating. Morris was subsequently arrested and charged with class C misdemeanor public nudity. After a bench trial, the trial court found Morris guilty as charged. This appeal ensued.

## Discussion and Decision

## Section I. The evidence was sufficient to support Morris's conviction.

Morris claims that the evidence is not sufficient to support his conviction of public nudity. When reviewing a sufficiency of evidence claim, we neither reweigh the evidence nor judge witness credibility. *Pillow v. State,* 986 N.E.2d 343, 344 (Ind. Ct. App. 2013). "We consider only the evidence most favorable to the trial court's ruling and affirm the conviction unless no reasonable fact-

finder could find the elements of the crime proven beyond a reasonable doubt." *Id.* (quoting *Lock v. State*, 971 N.E.2d 71, 74 (Ind. 2012)) (quotation marks omitted).

[4] A person commits class C misdemeanor public nudity when he "knowingly or intentionally appears in a public place in a state of nudity." Ind. Code § 35-45-4-1.5. Nudity is defined as the "showing of the human male or female genitals, pubic area, or buttocks with less than a fully opaque covering." Ind. Code § 35-45-4-1(d). Morris acknowledges that he was in a public place, but he argues that he was not nude because he did not "show his penis" and that his hand was holding his penis and thus acted as an "opaque covering." Appellant's Br. at 3, 5.

[5] In support of his argument, Morris cites *Townsend v. State*, 750 N.E.2d 416, 417 (Ind. App. Ct. 2001), in which we held that the evidence was insufficient to support Townsend's conviction for public indecency (now defined as public nudity) because the officer did not see the defendant's penis after he urinated on a building. Here, however, Officer Scroggins testified that he "saw [Morris's] penis in his right hand" and that "[t]here was nothing covering it, nothing in the way." Tr. at 8. In sum, we conclude that the State proved beyond a reasonable doubt that Morris knowingly or intentionally showed his penis in a public place. *Cf. Townsend*, 750 N.E.2d at 418 ("Townsend did not cause his penis to be seen or otherwise put it on view.").

## Section II.  Any error in the admission of intoxication evidence was harmless.

Finally, Morris argues that the trial court erred when it admitted Officer Scroggins's testimony that he exhibited signs of intoxication.  We review a trial court's admission or exclusion of evidence for an abuse of discretion and will reverse if the decision is "clearly against the logic and effect of the facts and circumstances. Even if the trial court's decision was an abuse of discretion, we will not reverse if the admission constituted harmless error." *Jackson v. State*, 996 N.E.2d 378, 382-83 (Ind. App. Ct., 2013) (citation omitted), *trans. denied* (2014).

Morris argues that the testimony regarding his intoxication was irrelevant because he was not charged with public intoxication.  But he does not specifically contend that the admission of the evidence was reversible error, and we would not find it to be such in light of the overwhelming evidence that he showed his penis in a public place.  *See* Ind. Trial Rule 61 ("[N]o error in either the admission or the exclusion of evidence … is ground for reversal on appeal… unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.").  Therefore, we affirm his conviction.

Affirmed.

Friedlander, J., and Kirsch, J., concur.