## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
May 13 2015, 10:35 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, IN

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Katherine Modesitt Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Valene Miller,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | May 13, 2015<br><br>Court of Appeals Case No.<br>49A04-1410-CR-479<br><br>Appeal from the Marion Superior Court<br><br>The Honorable David E. Cook, Judge<br><br>Cause No. 49F07-1404-CM-20367 |

**Najam, Judge.**

## Statement of the Case

[1] Valene Miller appeals her conviction for possession of marijuana, as a Class A misdemeanor. Miller presents one issue for our review, namely, whether the State presented sufficient evidence to support her conviction. We affirm.

## Facts and Procedural History

[2] On April 19, 2014, the Indianapolis Metropolitan Police Department ("IMPD") dispatched officers to a residence in Indianapolis ("the home"), which Miller shared with her boyfriend, Darnell White, regarding a domestic disturbance between Miller and White. Miller and White both had signed the lease for the home, and four other individuals lived with them but were not present when officers arrived. Initially, Miller agreed to leave the home, which the officers believed resolved the disturbance, and the officers left. Within minutes, however, IMPD received a dispatch to the home, again regarding a domestic disturbance between Miller and White.

[3] The same officers responded to the home the second time, and, when they did, they found White sitting outside. White reported that Miller had destroyed several items of property after the officers left the first time. He stated that Miller was inside the home, and he gave the officers consent to enter. When the officers did so, Officer David Miedema saw a small bag of marijuana located on the floor of the home, just inside the front door. Officer Miedema then proceeded through the home with another officer and found Miller at the

home's rear. Miller was agitated, so the officers handcuffed her for officer safety and removed her from the home to speak with her.

[4] While speaking with Miller, the officers suggested to her that she be taken to the hospital, but Miller refused. Instead, Miller stated that she would rather go to jail and, at the same time, identified the bag of marijuana as belonging to her. Thus, Officer Miedema placed Miller under arrest, and, on April 20, the State charged Miller with possession of marijuana, as a Class A misdemeanor.

[5] The trial court held Miller's bench trial on September 23, 2014, at which White testified on Miller's behalf that the marijuana actually belonged to another of the home's residents, who had dropped the bag and fled when the police arrived. However, at the conclusion of the trial, the court convicted Miller as charged. The court then sentenced Miller to 365 days in the Marion County Jail, which it suspended. The court also ordered Miller to report to probation for 180 days; to complete thirty hours of community service and twelve substance-abuse classes; and to pay a $100 fine and court costs. This appeal ensued.

## Discussion and Decision

[6] Miller contends that the State failed to present sufficient evidence to support her conviction. Our standard of review for sufficiency of the evidence claims is well-settled. *Tobar v. State*, 740 N.E.2d 109, 111 (Ind. 2000).

> In reviewing the sufficiency of the evidence, we examine only the probative evidence and reasonable inferences that support the

verdict. We do not assess witness credibility, nor do we reweigh the evidence to determine if it was sufficient to support a conviction. Under our appellate system, those roles are reserved for the finder of fact. Instead, we consider only the evidence most favorable to the trial court ruling and affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt.

*Pillow v. State*, 986 N.E.2d 343, 344 (Ind. Ct. App. 2013) (citations and quotation marks omitted).

[7] To convict Miller of possession of marijuana, as a Class A misdemeanor, the State was required to prove that Miller knowingly or intentionally possessed marijuana. Ind. Code. § 35-48-4-11(1). To prove the possession element, the State can show either: (1) that a defendant actually possessed contraband; or (2) that a defendant constructively possessed contraband. *See Gray v. State*, 957 N.E.2d 171, 174 (Ind. 2011).

[8] Here, the State sought to prove that Miller constructively possessed marijuana, which Miller asserts that the State failed to do. A person constructively possesses contraband when the person has both the intent and capability to maintain dominion and control over the item. *Id.* Where the person charged has an exclusive possessory interest in the property where the contraband was found, "a trier of fact may infer that a defendant had the capability to maintain dominion and control over the contraband from the simple fact" of the defendant's exclusive possessory interest in the premises. *Id.* However, more is

required where a defendant's possessory interest in the premises is not exclusive. *See id.* As our supreme court stated in *Gray*:

> A trier of fact may likewise infer that a defendant had the intent to maintain dominion and control over contraband from the defendant's possessory interest in the premises, even when that possessory interest is not exclusive. When that possessory interest is not exclusive, however, the State must support this second inference with additional circumstances pointing to the defendant's knowledge of the presence and the nature of the item. We have previously identified some possible examples, including (1) a defendant's incriminating statements; (2) a defendant's attempting to leave or making furtive gestures; (3) the location of contraband like drugs in settings suggesting manufacturing; (4) the item's proximity to the defendant; (5) the location of contraband within the defendant's plain view; and (6) the mingling of contraband with other items the defendant owns.

957 N.E.2d at 174-75 (internal citations omitted).

[9] Miller does not dispute that she had a nonexclusive possessory interest in the home but contends that the State failed to support "this second inference with additional circumstances." *Id.* We disagree. The evidence demonstrates that Miller made the incriminating statement that the marijuana belonged to her. Further, Officer Miedema found the marijuana on the floor of the home, which Miller had leased, in plain view of anyone inside. Officers also located Miller inside of the home, while White was outside and while no one else was present at the home. These facts support the inference that Miller had constructive possession of the marijuana.

Despite this evidence, Miller asserts that "[h]er blurted[-]out statement does not amount to an incriminating statement [in] view [of] the totality of the[] circumstances" and that the State failed to prove any other circumstances. Appellant's Br. at 5. Instead, in essence, Miller requests that we credit her defense that the marijuana belonged to another resident of the home. However, both of these arguments amount to requests for us to reweigh the evidence, which we will not do. Therefore, we hold that the evidence is sufficient to support Miller's conviction, and we affirm the trial court.

Affirmed.

Baker, J., and Friedlander, J., concur.