## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 23 2015, 8:19 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Barbara J. Simmons
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael Daugherty, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | July 23, 2015 <br><br> Court of Appeals Case No. <br> 49A04-1501-CR-19 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Amy M. Jones, Judge <br><br> Cause No. 49F08-1405-CM-25596 |

**Najam, Judge.**

## Statement of the Case

[1] Michael Daugherty appeals his conviction for criminal mischief, as a Class B misdemeanor, following a bench trial. Daugherty presents a single issue for our

review, namely, whether the State presented sufficient evidence to support his conviction. We affirm.

## Facts and Procedural History

Daugherty and Larae Kesler's granddaughter[1] have a child together ("Child"), but Kesler's granddaughter is married to someone else ("Stepfather"). Daugherty had filed a "complaint" against Stepfather with the Indiana Department of Child Services ("DCS") in an effort to prevent Stepfather from having any contact with Child. Tr. at 5. On May 10, 2014, Daugherty "brought the police" and someone from the DCS to Kesler's Indianapolis residence looking for Stepfather and Child, but Kesler stated that they did not live there. Later that day, Kesler found Daugherty "standing at [her] bedroom window ripping [the] screen and . . . frame out of [the] window." *Id.* at 6. Kesler called the police, but Daugherty had left the premises by the time the police arrived.

The State charged Daugherty with criminal mischief, as a Class B misdemeanor. The trial court found him guilty as charged following a bench trial, and the court sentenced him to 180 days with 176 days suspended. This appeal ensued.

---

[1] We cannot find any reference to the granddaughter's name in the record on appeal.

# Discussion and Decision

[4] Daugherty contends that the State presented insufficient evidence to support his conviction. Our standard of review for sufficiency of the evidence claims is well-settled. *Tobar v. State*, 740 N.E.2d 109, 111 (Ind. 2000).

> In reviewing the sufficiency of the evidence, we examine only the probative evidence and reasonable inferences that support the verdict. We do not assess witness credibility, nor do we reweigh the evidence to determine if it was sufficient to support a conviction. Under our appellate system, those roles are reserved for the finder of fact. Instead, we consider only the evidence most favorable to the trial court ruling and affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt.

*Pillow v. State*, 986 N.E.2d 343, 344 (Ind. Ct. App. 2013) (citations omitted) (internal quotation marks omitted).

[5] To prove criminal mischief, as a Class B misdemeanor, the State was required to prove that Daugherty recklessly, knowingly, or intentionally damaged or defaced the bedroom window screen in Kesler's home when he "ripp[ed] the screen from the window." Appellant's App. at 13; Ind. Code § 35-43-1-2(a)(1). At trial, Kesler testified that she saw Daugherty "ripping my screen and my frame out of my window." Tr. at 6.

[6] Daugherty's sole contention on appeal is that, because Kesler and Daugherty were involved in a family dispute, Kesler was "bias[ed]" against him and had a "motive" to "punish [him] in retaliation for his filing a DCS complaint against

[Stepfather]." Appellant's Br. at 6. But that contention is a request that we reassess witness credibility, which we cannot do. The State presented sufficient evidence to support Daugherty's conviction.

[7] Affirmed.

Kirsch, J., and Barnes, J., concur.