## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 26 2016, 8:42 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy P. Broden
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Eric Allen,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

May 26, 2016

Court of Appeals Case No.
79A04-1506-CR-601

Appeal from the Tippecanoe
Circuit Court

The Honorable Raymond Kirtley,
Senior Judge

Trial Court Cause No.
79C01-1410-FC-17

**Bailey, Judge.**

# Case Summary

[1] Eric Allen ("Allen") appeals his conviction for Operating a Motor Vehicle While Privileges Are Forfeited for Life, a Class C felony,[1] raising the sole issue of whether there was sufficient evidence to support his conviction. We affirm.

# Facts and Procedural History

[2] At approximately 3:30 a.m. on June 21, 2014, Tippecanoe County Sheriff Department Deputy Alexander Feistel ("Deputy Feistel") and Sergeant Robert Hainje ("Sergeant Hainje") were on patrol in a marked squad car in Lafayette, Indiana when they saw three vehicles quickly turn from 18th Street onto the Veteran's Memorial Parkway. As the cars headed east, they appeared to be racing. Deputy Feistel activated his radar and clocked the second car, a late model Chevrolet Caprice, going 68 m.p.h. and the third car, a Cadillac Escalade, going 71 m.p.h. in the 35 m.p.h. zone. The Escalade passed the Caprice, then both turned south onto Concord Road as the lead car continued on Veteran's Memorial Parkway.

[3] The officers pursued the Caprice and Escalade onto Concord, where they observed the Caprice weaving and swerving over the center line. Deputy Feistel activated his emergency lights when the cars turned east onto Chilton

---

[1] Ind. Code § 9-30-10-17 (Supp. 2013). This offense is now a Level 5 felony. We refer to the version of the statute in effect at the time Allen committed the offense.

Drive, the entrance to a residential subdivision. The Escalade turned left and stopped in an alley next to 2576 Chilton Drive. The Caprice also pulled into the alley, stopping just ahead of the Cadillac.

[4] Both officers exited the squad car. From his vantage point, Sergeant Hainje observed an African American man with facial stubble sitting low in the driver's seat of the Caprice. As Deputy Feistel approached the Caprice, the car crept forward. Deputy Feistel yelled at the driver to stop while flashing a light at the side mirror. The Caprice paused, then turned right and accelerated into the alley running behind the houses and parallel to Chilton Drive. Deputy Feistel returned to his car and attempted to cut off the Caprice at the next intersection. He did not intercept the car, but shortly after saw a person on foot running at full speed southbound across Chilton.

[5] Meanwhile, Sergeant Hainje called for backup and gave descriptions of the Caprice and driver. Sergeant Hainje then interviewed the occupants of the Escalade, who indicated that Allen had been with them at Aces Pub on 18th Street and left in the Caprice when they left in the Escalade. A few minutes later, a responding officer located the unoccupied Caprice parked in the driveway behind 2708 Chilton Drive. Sergeant Hainje walked over and observed in the dew-covered grass a single set of footprints leading southbound away from the car and across Chilton into a weedy empty lot.

[6] At approximately 3:50 a.m., Deputy Nathan Beever ("Deputy Beever"), who had also responded to the call for backup, encountered a man matching the

suspect's description, later identified as Allen, walking just south of Chilton Drive. Allen's shoes were wet and he had grass, burs, and weeds on his clothes and shoes. He was sweating heavily and showed signs of intoxication, including a strong alcohol odor on his breath, red watery eyes, slurred speech, and unstable balance. He admitted that he had been drinking at Aces Pub, but denied that he had been driving. He also stated that he lived with his sister at 2576 Chilton Drive. The Caprice was registered to his sister at that address.

[7] Deputy Beever transported Allen to the Tippecanoe County Sherriff's Office to take a sobriety test. Allen refused. Deputy Beever obtained a warrant for a blood draw, and Allen was taken to the hospital to complete it. The lab results showed a blood alcohol concentration of 0.19 percent.

[8] On October 31, 2014, Allen was charged with Operating a Motor Vehicle While Privileges Are Forfeited for Life, a Class C felony; Resisting Law Enforcement, as a Class D felony;[2] and Operating a Vehicle While Intoxicated, as a Class A misdemeanor[3] ("Count 3"). The State also alleged Allen was a Habitual Substance Offender.[4] On December 29, 2014, the trial court granted

---

[2] I.C. § 35-44.1-3-1(b)(1)(A).

[3] I.C. § 9-30-5-2(b).

[4] I.C. § 35-50-2-10.

the State's motion to add a charge of Operating a Vehicle with At Least Fifteen-Hundredths (0.15) Gram of Alcohol, a Class A misdemeanor[5] ("Count 5").

[9] A bifurcated jury trial was conducted on April 15 and 16, 2015. During phase two, the State introduced into evidence Jasper Circuit Court records showing that on November 13, 2007, under cause number 37C01-0705-FD-268, Allen agreed to plead guilty to Operating a Vehicle as Habitual Traffic Violator, a Class D felony,[6] and that as part of that plea agreement, his driving privileges would be suspended for life. The Jasper Circuit Court accepted the plea agreement and entered judgment of conviction on December 18, 2007. The State also introduced a certified copy of Allen's driving record, which included the Jasper Circuit Court's December 18, 2007 order, as well as a December 26, 2007 *nunc pro tunc* order stating that the court "on its own motion, now finds that this Court's order of December 18, 2007, is erroneous in that it fails to reflect that [Allen's] driver's privileges are suspended for his lifetime" and corrected the order to include the suspension. (Exhibit 6.)

[10] At the conclusion of trial, Allen was found guilty of all charges and the trial court entered judgments of conviction and adjudicated Allen a habitual substance offender. On May 11, 2015, the trial court held a sentencing hearing

---

[5] I.C. § 9-30-5-1(b).

[6] I.C. § 9-30-10-16(a)(1).

and imposed a total aggregate sentence of fourteen years executed in the Indiana Department of Correction.

[11] On June 10, 2015, Allen filed a notice of appeal. On July 27, 2015, Allen, *pro se*, filed a motion to correct erroneous sentence, and the State responded with its own motion to correct error on September 8, 2015.[7] The court held a hearing on the motions, and on November 12, 2015, issued an order merging Counts 3 and 5, and imposing a modified aggregate sentence of six years executed in the DOC followed by eight years to be served in the Tippecanoe County Community Corrections.

[12] Allen now appeals.

# Discussion and Decision

[13] Allen challenges only the sufficiency of the evidence to support his conviction for operating a motor vehicle while privileges are forfeited for life. Our standard of review for sufficiency of the evidence claims is well settled. We consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess the credibility of witnesses or reweigh evidence. *Id.* We will affirm the conviction

---

[7] Meanwhile, the Tippecanoe County Clerk filed a notice of completion of transcript on September 23, 2015, and this Court acquired jurisdiction on that date pursuant to Indiana Appellate Rule 8. On October 7, 2015, Allen filed with this Court a motion to stay consideration of appeal so that the trial court could address the motions to correct error. On October 16, 2015, this Court granted Allen's motion to stay, ordered the trial court to rule on the motions to correct error within thirty days, and ordered Allen to submit a status report within forty-five days.

unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.* (quoting *Jenkins v. State*, 726 N.E.2d 268, 270 (Ind. 2000)). "The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict." *Id.* at 147 (quoting *Pickens v. State*, 751 N.E.2d 331, 334 (Ind. Ct. App. 2001)).

[14]   Pursuant to Indiana Code section 9-30-10-17(a), a person who operates a motor vehicle after the person's driving privileges are forfeited for life under Indiana Code section 9-30-10-16 commits a Class C felony. The State charged that, on or about June 21, 2014, Allen "did operate a motor vehicle after his driving privileges were forfeited for his lifetime under Indiana Code 9-30-10-16 pursuant to a conviction in the Jasper Circuit Court, Jasper County, State of Indiana under cause number 37C01-0705-FD-268, on or about December 18, 2007[.]" (App. 121.)

[15]   At trial, the State introduced ample evidence that Allen was driving a Chevrolet Caprice through the streets of Lafayette in the early morning hours of June 21, 2014. The State also introduced into evidence Jasper Circuit Court records and Allen's driver's record, both of which showed that Allen was convicted in the Jasper Circuit Court on December 18, 2007 of a violation of Indiana Code section 9-30-10-16(a). The statute defining that offense also provides: "In addition to any criminal penalty, a person who is convicted of a felony under subsection (a) forfeits the privilege of operating a motor vehicle for life." I.C. § 9-30-10-16(c). Consistent with this provision, Allen's plea agreement provided that his driving privileges would be forfeited for his lifetime. The Jasper Circuit

Court's *nunc pro tunc* order further clarified that Allen's driving privileges were, indeed, forfeited for life. There was sufficient evidence to support Allen's conviction.

[16] Allen, however, argues there was insufficient evidence to support his conviction because he did not have knowledge that his driving privileges were forfeited for life. As this Court has previously held, "[k]nowledge of a lifetime forfeiture is not an element of Indiana Code § 9-30-10-17, so proof of knowledge is not necessary to sustain a conviction." *Pillow v. State*, 986 N.E.2d 343, 345 (Ind. Ct. App. 2013) (citing *Brock v. State*, 955 N.E.2d 195, 205 (Ind. 2011), *cert. denied*). In this way, Section 9-30-10-17 operates as a strict liability offense with no knowledge requirement. *Brock*, 955 N.E.2d at 205.

[17] Nevertheless, Allen contends that because a violation of Section 9-30-10-17 is a Class C felony carrying a sentencing range of two to eight years, I.C. § 35-50-2-6, the imposition of strict liability to the offense violates his due process rights guaranteed under the Fourteenth Amendment to the U.S. Constitution.[8] Allen relies on *U.S. v. Wulff*, 758 F.2d 1121 (6th Cir. 1985), in which the Sixth Circuit Court of Appeals affirmed a district court's finding that a felony conviction under the Migratory Bird Treaty Act, 16 U.S.C. § 703 *et seq.*, violated the due process clause of the Fifth Amendment because the felony offense did not require proof of scienter, was not known to the common law, and the penalty

---

[8] "[N]or shall any State deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend. XIV, § 1.

was severe and would result in irreparable damage to one's reputation. *Wulff*, 758 F.2d at 1122. There, the court found that a felony conviction and maximum sentence of two years or a $2000 fine, or both, constituted a "substantial" penalty carrying risk of reputation damage. *Id.* at 1125.

[18] Assuming, without deciding, that Allen's as applied challenge to the statute would be otherwise meritorious, Allen's argument ultimately is unavailing because there is evidence that Allen had knowledge that his license was forfeited for life. Certified copies of Jasper Circuit Court records show that Allen signed a plea agreement stating that his "driving privileges will be suspended for his lifetime." (Exhibit 7.) The circuit court accepted his plea agreement and entered judgment of conviction on December 18, 2007. Consistent with the plea agreement, the lifetime suspension of his driving privileges was noted in the court's December 26, 2007 *nunc pro tunc* order and the abstract of judgment, both of which were included in Allen's driver's record. Further, a table in Allen's driver's record lists at least three separate "indefinite" suspensions (including the December 18, 2007 suspension) and shows that notice was mailed to Allen on January 28, 2005, January 8, 2008, and January 10, 2008. (Exhibit 6.) In light of this evidence of knowledge, we cannot conclude that Allen was denied due process of law when he was convicted of operating a motor vehicle while privileges are forfeited for life.

# Conclusion

[19] There was sufficient evidence to support Allen's conviction.

Affirmed.

Bradford, J., and Altice, J., concur.