## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 26 2019, 8:41 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Karen Celestino-Horseman
Of Counsel, Austin & Jones, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ravi Jani, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | February 26, 2019 <br><br> Court of Appeals Case No. 18A-CR-2125 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Lisa F. Borges, Judge <br><br> The Honorable Anne Flannelly, Magistrate <br><br> Trial Court Cause No. 49G04-1710-F5-39825 |

**Brown, Judge.**

[1] Ravi Jani appeals his conviction for operating a motor vehicle after forfeiture of license for life as a level 5 felony. We affirm.

## Facts and Procedural History

[2] On January 17, 2012, Jani and the State filed a plea agreement under cause number 49-F15-1109-FD-68486 ("Cause No. 86") in which Jani agreed to plead guilty to Count 1, operating a vehicle while suspended as an habitual violator as a class D felony under Ind. Code § 9-30-10-16, and Count 9, operating a vehicle with a BAC greater than .08 as a class D felony. The plea agreement included a suspension of his driver's license of 365 days for Count 9 and for a lifetime for Count 1. The court sentenced Jani on January 17, 2012.

On March 26, 2014, Jani and the State filed a plea agreement in cause number 49G06-1401-FC-2454 ("Cause No. 54") in which Jani agreed to plead guilty to Count I, operating a motor vehicle after license forfeited for life as a class C felony under Ind. Code § 9-30-10-17; Count II, resisting law enforcement as a class D felony; and "Count III: Operating a Motor Vehicle while intoxicated/MA and Count III Parts I and II[]: Operating a Motor Vehicle while Intoxicated/FD." State's Exhibit 8. That same day, the court signed a document titled Guilty Plea Proceedings in which it accepted the plea agreement and found Jani guilty as charged.

[3] On October 13, 2017, Jani was operating a vehicle in Marion County when he struck the rear of a white Ford driven by Jarrid Redden. After the accident, Jani continued to drive, left the area, and drove to a parking lot in Hendricks

County. Hendricks County Sheriff's Deputy Kyle Noel encountered Jani in the parking lot attempting to start his vehicle, which had damage to the grill and front end. Jani admitted to driving the vehicle to the parking lot from Marion County. IMPD Officer Brown arrived at the scene while investigating a possible hit and run on Kentucky Avenue. Jani refused to submit to a chemical test, and Officer Brown applied for and was granted a search warrant for Jani's blood. Officer Brown transported Jani to Eskenazi Hospital where blood was drawn and later testing yielded a result of blood ethyl alcohol concentration in the range of .189 to .208.

[4] On October 16, 2017, the State charged Jani with: Count I, operating a motor vehicle after forfeiture of license for life as a level 5 felony; Count II, operating a vehicle while intoxicated endangering a person as a class A misdemeanor; Count III, operating a vehicle with an ACE of .15 or more as a class A misdemeanor; and Count IV, leaving the scene of an accident as a class B misdemeanor. The State also alleged that Jani had operated a vehicle while intoxicated as a level 6 felony as part II of Count II and that he had operated a vehicle while intoxicated as a level 6 felony as part II of Count III.

[5] On July 6, 2018, the court held a bench trial. Jani's counsel asserted that Ind. Code § 9-30-10-17(a)(1) provides that if someone is driving a motor vehicle after having forfeited their license under Ind. Code § 9-30-10-16, then that person is guilty of a level 5 felony, that Ind. Code § 9-30-10-16 was amended in 2015 and it no longer provides for a lifetime suspension, and that Jani could not be convicted under Ind. Code § 9-30-10-17 because the event that "triggers the

Level 5 is no longer provided for in Indiana code 9-30-10-16." Transcript Volume II at 6.

[6] Without objection, the State introduced and the court admitted the Officer's Arrest Report related to Cause No. 86, which indicated that the offense date was September 25, 2011; the plea agreement and abstract of judgment related to Cause No. 86; the Officer's Arrest Report related to Cause No. 54, which indicated that the arrest date was January 23, 2014; the plea agreement, abstract of judgment, and sentencing order for Cause No. 54; and a printed copy of Jani's BMV record as of June 25, 2018.

[7] Without objection, the State introduced and the court also admitted the original SR16 and the corrected SR16 as State's Exhibit Nos. 5 and 6. The document admitted as State's Exhibit No. 5 was titled "Manual Certification of Indiana Abstract of Court Record State Form 53124 (R4 / 1-10) / SR16," was dated January 17, 2012, and listed Jani's offense as operating a vehicle while suspended as an habitual violator as a class D felony and Ind. Code § 9-30-10-16 as the relevant section under Cause No. 86. State's Exhibit No. 5 (capitalization omitted). The document also listed "Suspension of Driving Privileges: 365 Days." *Id.* The document admitted as State's Exhibit No. 6 is titled "Certification of Indiana Abstract of Court Record State Form 53124 (R5 / 2-16) / SR16," was dated January 17, 2012, referenced Cause No. 86, and stated: "Suspension of Driving Privileges for: 99999 Days" and "Start On: 01/17/2012." State's Exhibit 6 (capitalization omitted). The prosecutor asserted that the original SR16 included a mistake. Specifically, he argued: "It

just simply did the operating a vehicle while suspended as an habitual violator, but then put the suspension in for the 365 days for the OVWI. That was later then corrected very recently, Judge, not more than a month ago, to the actual HTV suspended for life of 99999 days." Transcript Volume II at 13.

[8] Jani introduced and the court admitted a transcript dated January 12, 2016, from cause number 49G24-1509-F6-31515 ("Cause No. 15"). The transcript for Cause No. 15 indicates that Jani pled guilty to being a habitual traffic violator as a level 6 felony, the court stated that the plea agreement indicated that the suspension of driving privileges was open for argument, Jani stated that he would not drink at all and had learned his lesson, and the court stated that it did not feel a lifetime suspension at that time was warranted and entered a twenty-year suspension.

[9] The prosecutor argued that, even if the most recent suspension somehow impacts the fact that Jani had a reasonable belief that his license was not suspended, "the General Assembly concluded that by the time [Ind. Code § 9-30-10-17] comes into play, proof of knowledge is not necessary to establish culpability." *Id.* at 15. He also stated that "the fact that [Jani] knew his suspension was in effect and drove while license was suspended for life would be enough even if there was a knowledge requirement . . . ." *Id.* at 17.

[10] Defense counsel argued that Jani's most recent suspension of twenty years was not a lifetime suspension, that it controls, and that he was not driving on a lifetime forfeiture at the time of the incident. He asserted that Ind. Code § 9-30-

10-16 no longer provides for a lifetime suspension and "[t]hat lifetime suspension provided by 16 is the event that triggers the Level 5 felony." *Id.* at 20. He also argued that the legislature omitted a savings clause from the amended version of Ind. Code § 9-30-10-16 and that Jani could not be convicted of a level 5 felony under the doctrine of amelioration. He requested that the court find Jani "guilty of nothing more than a Level 6, operating after having forfeited one's license under Indiana code 9-30-10-16." *Id.* at 22.

[11] The court found Jani guilty as charged and found that Count III merged into Count II. It sentenced Jani to four years for Count I, two years for Count II, and 180 days for Count IV, and ordered the sentences to be served concurrently with each other and consecutive to a sentence in another cause.

## *Discussion*

[12] Jani argues that his conviction under Ind. Code § 9-30-10-17 must be reversed because, "[w]hile he did admit to operating a motor vehicle for driving while on suspension of his license for 20 years, he was not driving following a lifetime suspension under I.C. § 9-30-10-6 because the trial court had not yet placed [him] on lifetime forfeiture." Appellant's Brief at 8. He argues that, "[w]hile there was a judgment of lifetime forfeiture of driving privileges in 2012, the lifetime forfeiture was not put into operation until 2018." *Id.* at 9. He states: "In the present case, the trial court's docket indicates that the trial court requested that the BMV place [him] on a lifetime forfeiture of driving privileges on June 22, 2018, nearly eight months after he was charged with driving while his privileges were forfeited." *Id.* It appears that Jani is referring to Cause No.

86 as the docket for that case includes entries dated June 22, 2018, which state in part: "Ticket Substitute SR16 to be Sent to BMV" and "Court Requests Suspension of Driver for OWI." Cause No. 86 Docket.

Jani also argues that when he pled guilty to Ind. Code § 9-30-10-16 in 2012, the 2012 version of Ind. Code § 9-30-10-16 provided that in addition to the criminal penalty, the defendant would forfeit the privilege of operating a motor vehicle for life. He contends that the lifetime forfeiture provision was removed by Pub. L. No. 188-2015, § 17, effective July 1, 2015, and that "[t]hus lifetime suspension is no longer mandated." *Id.* He asserts that the doctrine of amelioration applies and that "[a]s there is no provision for lifetime forfeiture contained in I.C. § 9-30-10-16, one of the elements for conviction under I.C. § 9-30-10-17, the more lenient interpretation applies, and [his] conviction should be reversed." *Id.* at 12.

The State argues that it was not obligated to prove that Jani knew of the lifetime forfeiture because knowledge of lifetime forfeiture is not an element of Ind. Code § 9-30-10-17 and there can be no question that Jani's driving privileges were forfeited at the time he committed the instant offense. It also contends that the doctrine of amelioration is inapplicable, and that the 2015 amendment to Ind. Code § 9-30-10-16 merely left lifetime suspension to the trial court's discretion to be determined on a case-by-case basis.

Between July 1, 2001, and June 30, 2014, Ind. Code § 9-30-10-16 provided:

(a) A person who operates a motor vehicle:

> (1) while the person's driving privileges are validly suspended under this chapter or IC 9-12-2 (repealed July 1, 1991) and the person knows that the person's driving privileges are suspended; or

> (2) in violation of restrictions imposed under this chapter or IC 9-12-2 (repealed July 1, 1991) and who knows of the existence of the restrictions;

commits a Class D felony.

(b) Service by the bureau of notice of the suspension or restriction of a person's driving privileges under subsection (a)(1) or (a)(2):

> (1) in compliance with section 5 of this chapter; and

> (2) by first class mail to the person at the last address shown for the person in the bureau's records;

establishes a rebuttable presumption that the person knows that the person's driving privileges are suspended or restricted.

(c) In addition to any criminal penalty, a person who is convicted of a felony under subsection (a) forfeits the privilege of operating a motor vehicle for life. However, if judgment for conviction of a Class A misdemeanor is entered for an offense under subsection (a), the court may order a period of suspension of the convicted person's driving privileges that is in addition to any suspension of driving privileges already imposed upon the person.

This version of the statute was in effect when Jani committed his offense on September 25, 2011, under Cause No. 86 and when Jani was arrested on January 23, 2014, under Cause No. 54. Effective July 1, 2015, Ind. Code § 9-30-10-16 was amended to change the offense from a class D felony to a level 6 felony and to delete subsection (c).

Ind. Code § 9-30-10-17 provides in part:

> (a) A person who:
>
>> (1) operates a motor vehicle after the person's driving privileges are forfeited for life under section 16 of this chapter, IC 9-4-13-14 (repealed April 1, 1984), or IC 9-12-3-1 (repealed July 1, 1991);
>
> * * * * *
>
> commits a Level 5 felony.[1]

In Count I, the State cited Ind. Code § 9-30-10-17 and alleged that, "[o]n or about October 13, 2017, [Jani] did operate a motor vehicle in the 5700 block of S. Kentucky Ave. after his driving privileges were forfeited for life pursuant to I.C. 9-30-10-16." Appellant's Appendix Volume II at 20.

The Indiana Supreme Court has held:

> Although Indiana Code section 9-30-10-16 contains a knowledge requirement, the plain text of section 17 makes absolutely no reference to a knowledge requirement. And section 17's reference to section 16 does not incorporate the knowledge requirement of section 16 into section 17. That is, section 16 is not a lesser included offense of section 17. Had the General Assembly intended section 17 to have a knowledge requirement, it would have done so, like it did for section 16. Moreover, it is reasonable to conclude that the General Assembly intended

---

[1] Between July 1, 1993 and June 30, 2013, Ind. Code § 9-30-10-17 provided: "A person who operates a motor vehicle after the person's driving privileges are forfeited for life under section 16 of this chapter, IC 9-4-13-14 (repealed April 1, 1984), or IC 9-12-3-1 (repealed July 1, 1991) commits a Class C felony."

section 17 to be a strict liability offense. The only persons likely to be subject to section 17 are those who have had numerous severe traffic violations. They are recidivists who have already lost their privileges for life. We think the General Assembly concluded that, by the time section 17 comes into play, proof of knowledge is not necessary to establish culpability. We therefore believe that it would subvert legislative intent for us to graft a knowledge requirement onto the statute.

*Brock v. State*, 955 N.E.2d 195, 205 (Ind. 2011), *cert. denied*, 566 U.S. 909, 132 S. Ct. 1801 (2012).

[19] To the extent Jani asserts that his lifetime forfeiture of driving privileges had not yet begun as of the date of his arrest on October 13, 2017, we addressed a similar argument in *Pillow v. State*, 986 N.E.2d 343 (Ind. Ct. App. 2013). In *Pillow*, we held:

> Nor was Pillow's conviction improper because at the time of his offense the BMV had not received notice of his 2010 conviction. Pursuant to Ind. Code § 9-30-10-16(c), a person who is convicted of a felony under that section "forfeits the privilege of operating a motor vehicle for life." Pillow's lifetime suspension was imposed by statute, and we decline his invitation to hold the BMV's inaction nullifies that statutory requirement. *See State v. Vankirk*, 955 N.E.2d 765, 769 (Ind. Ct. App. 2011) (BMV record does not control status of driving privileges when that record is inconsistent with mandatory consequences of Ind. Code § 9-30-10-16(c). Trial court's earlier modification of conviction from Class D felony to Class A misdemeanor "removes the lifetime forfeiture of a defendant's driving privileges," regardless whether BMV record acknowledges that modification.), *trans. denied*.

986 N.E.2d at 345.

[20] Jani acknowledges that he "was convicted of violating I.C. § 9-30-10-16 in 2012 and judgment was entered forfeiting his driving privileges for life." Appellant's Brief at 7. The record reveals that the abstract of judgment for Cause No. 86 dated January 17, 2012, indicates that Jani was convicted under Ind. Code § 9-30-10-16 as a felony. Thus, under Ind. Code § 9-30-10-16(c), which was in effect at the time, Jani forfeited the privilege of operating a motor vehicle for life. Further, the plea agreement under Cause No. 86 provided that the terms and conditions of the sentence included a suspension of his driver's license for a lifetime for Count 1. The chronological case summary for Cause No. 86 includes an entry dated January 17, 2012, which states in part: "Defendant's drivers [sic] license suspended for 99999 days." We also note that Jani later pled guilty under Cause No. 54 to operating a motor vehicle after license forfeited for life as a class C felony under Ind. Code § 9-30-10-17, the trial court accepted the plea agreement and found Jani guilty as charged, and the abstract of judgment for Cause No. 54 dated April 16, 2014, indicates that Jani was found guilty of operating a vehicle after license forfeited for life as a class C felony. Under these circumstances, we cannot say that Jani was improperly convicted of operating a motor vehicle after forfeiture of license for life as a level 5 felony under Ind. Code § 9-30-10-17.

[21] To the extent Jani raises the doctrine of amelioration, we note that, when interpreting a statute, our primary goal is to fulfill the legislature's intent. *Day v. State*, 57 N.E.3d 809, 812 (Ind. 2016). "[T]he 'best evidence' of that intent is the statute's language." *Id.* (quoting *Adams v. State*, 960 N.E.2d 793, 798 (Ind.

2012)). "If that language is clear and unambiguous, we simply apply its plain and ordinary meaning, heeding both what it 'does say' and what it 'does not say.'" *Id.* (quoting *State v. Dugan*, 793 N.E.2d 1034, 1036 (Ind. 2003)).

[22] The doctrine of amelioration is an exception to the general rule that the sentence in effect at the time a crime is committed is the proper penalty. *Cottingham v. State*, 971 N.E.2d 82, 85 (Ind. 2012) (citing *Richards v. State,* 681 N.E.2d 208, 213 (Ind. 1997)). The doctrine entitles defendants who are sentenced after the effective date of a statute providing for a more lenient sentence to be sentenced pursuant to that statute, as opposed to the statute in effect at the time the crime was committed. *Id.* Generally, "in order to determine whether the doctrine of amelioration is applicable we must establish: (1) whether [the defendant] was sentenced after the effective date of the statute; (2) whether the amended statute is more lenient than the previous version, that is, whether the amendment is truly ameliorative; and (3) the legislature's intent." *Turner v. State*, 870 N.E.2d 1083, 1086 (Ind. Ct. App. 2007).

[23] The legislature removed subsection (c) from Ind. Code § 9-30-10-16 effective July 1, 2015. By that time, Jani had already pled guilty under Ind. Code § 9-30-10-16 as a felony under Cause No. 86 in 2012. We cannot say that Jani was sentenced for his conviction under Ind. Code § 9-30-10-16 after the effective date of the revised statute which does not contain subsection (c).

[24] Further, to the extent that Ind. Code § 9-30-10-17 references Ind. Code § 9-30-10-16, we note that while subsection (c) was removed from Ind. Code § 9-30-10-

16 effective July 1, 2015, the Legislature did not amend Ind. Code § 9-30-10-17 in July 2015. The relevant portion of Ind. Code § 9-30-10-17 provides that "[a] person who . . . operates a motor vehicle after the person's driving privileges are forfeited for life under section 16 of this chapter, IC 9-4-13-14 (repealed April 1, 1984), or IC 9-12-3-1 (repealed July 1, 1991) . . . commits a Level 5 felony." Based upon the plain language, we cannot say that the doctrine of amelioration applies in this case.

[25] For the foregoing reasons, we affirm Jani's conviction for operating a motor vehicle after forfeiture of license for life as a level 5 felony.

[26] Affirmed.

Bailey, J., and Bradford, J., concur.